NEW-YORK,
Nov. 1810.

CAPRON
v.
AUSTIN.

This was objected to. The jury found a verdict for the plaintiff, on which the justice gave judgment.

The cause was submitted to the court without argument.

———————

CAPRON *against* AUSTIN.

A *summons* to appear before a regimental court martial, to show cause why a fine should not be levied, under the 30th section of the act to organize the militia of the state, (sess. 24. c. 166.) is in the nature of *process*, and must be served *personally*.

An action lies against the president of a regimental court martial, for issuing a warrant by which a fine was collected, when the party had not been personally served with a summons, to appear and show cause, but only a copy thereof left at his house.' (*But see act*, sess. 32. c. 165. sect. 76.

IN error, on *certiorari*, from a justice's court.

*Austin* brought an action against *Capron*, in the court below, to recover back a fine, which had been imposed on the plaintiff, *Austin*, by a regimental court martial, of which the defendant below (*Capron*) was president,

for a pretended delinquency in not appearing at a military parade. The declaration was special. It stated the fine to have been imposed, on the 24th of *October*, 1808, without causing the said *James to be summoned according to law;* and the plaintiff averred, that he never knew or heard of the court martial until some days after it was over; and that he never was required to attend. The plaintiff also alleged, that the defendant, in order to defraud and wrongfully obtain money from the plaintiff, issued his warrant to collect the sum, well knowing it was illegal. The defendant pleaded not guilty. The cause was tried by a jury.

On the trial, it appeared, that a copy of the summons to attend the court martial was left at the house where *Austin* resided, a few days before the meeting of the court martial, *Austin* being absent from home. A paper was then produced, called the original summons, signed by *Capron;* but the name of *Austin* was not in the body of the summons, but was written on the back of it, by the officer or person who left the copy, with other names. It was not certified on the summons, in what manner the person had been notified. The name of the officer was endorsed on the summons. This officer testified, that he particularly told *Capron* and the court martial, that he had summoned the plaintiff, by leaving a copy only. The plaintiff proved, that he went from home the day before the copy was left, and did not return until after the meeting of the court martial. The officer then stated, that about the 23d of *February*, 1809, he received a paper, called an execution, under the hand and seal of *Capron*, commanding him to collect of the plaintiff 10 dollars, damages, and 19 cents, costs, besides his fees, under which he collected 11 dollars and 57 cents, and delivered it with the execution to *Capron*.

A motion for a nonsuit was overruled by the justice, who submitted to the jury, whether the defendant had fraudulently, under colour of being president of

a court martial, obtained the money from the plaintiff? The jury found a verdict for the plaintiff, for 11 dollars and 57 cents.

The cause was submitted to the court without argument.

*Per Curiam.* The action in the court below was to recover back a fine, which had been imposed on the plaintiff by a regimental court martial, of which the defendant was president, for a delinquency, in not appearing at a military parade. The plaintiff appears to have waived the trespass, and brought his action for the money collected from him, and which came into the defendant's hands.

Although the declaration charged the defendant with having fraudulently caused the money to be levied and collected, yet, this allegation is no way supported by the proof. And the only ground upon which the proceedings of the court martial were impeached, was, that the fine had been imposed without the plaintiff's having been *personally* summoned to appear. The statute provides (1 *Rev. Laws,* 516. sess. 24. c. 166.) that no fine, in cases of this kind, shall be levied on any delinquent until he shall have been *summoned* to appear before a regimental court martial, that he may show cause why such fine should not be levied. If the plaintiff was not duly summoned to appear, the court martial had no jurisdiction of the case. From the evidence, it appeared, that the manner in which the plaintiff had been summoned was by leaving a copy of the summons at his dwelling-house, a few days before the meeting of the court martial, he being from home; and it was proved, that he did not return home until after the meeting of the court martial.

A copy of the summons left at the dwelling-house of the delinquent was not sufficient, within the statute, to authorize the court martial to impose the fine. Personal service was necessary. The summons required by the statute is in the nature of a process, and not like a no-

tice, in some collateral proceedings, in the progress of a
suit. In such a case, service, by leaving the notice at the
dwelling-house of the party, might be deemed sufficient,
unless when the proceedings are to bring the party into
contempt; according to the rule laid down by Lord *Ken-
yon*, in *Jones* v. *March*, (4 *Term Rep.* 465.)

The judgment must, therefore, be affirmed.

NEW-YORK,
Nov. 1810.

(*a*) By the 76th section of the late act to organize the militia, (sess. 32. c.
165.) passed the 29th of *March*, 1809, it is provided, that all the summonses,·
from regimental courts martial, to appear and show cause why a fine should
not be levied, shall be sufficient, if left with some person of suitable age and
discretion, at the usual place of abode of the party.