### RATHBUN *vs.* SAWYER and others.

Individuals liable to *militia duty,* who appear at *places of rendezvous* in unusual and fantastical dresses, and thus excite laughter, disorder and confusion, are liable to be returned and punished as delinquents.

It is discretionary with a *court martial,* whether *counsel* shall or shall not be allowed to a party accused as a delinquent.

*It seems* it is not necessary that *courts martial* should hold their sittings in public.

Upon a *common law certiorari,* no more of the facts of the case can be required to be returned, or will be looked into by the court, than what is necessary to determine upon the point of jurisdiction, or other question of law arising in the course of the proceedings.

THIS was a *certiorari* to a *militia regimental court martial* in the county of Monroe, instituted for the trial of delinquents and delinquencies in the 178th regiment of infantry. A return was made to the president of the court martial of delinquents in a company belonging to that regiment, in which *Rathbun,* the party prosecuting the *certiorari,* was returned for *unsoldier like appearance and disobedience of orders,* at a general parade of the regiment. The court martial made a return to the *certiorari,* stating that Rathbun appeared before them in pursuance of a summons duly served ; that the above charge was exhibited to him, and that he thereupon pleaded the general issue, a former trial, and that the return was malicious. He demanded to have the benefit of counsel, and that the doors of the room in which the court was assembled should be kept open ; both of which requests the court refused to grant. Whereupon Rathbun said that he would not be tried, and departed. The court martial further return, that after his departure they proceeded to examine witnesses, and it was proved that, on the day of the general parade, Rathbun appeared and took his station in the ranks of Captain Hawley's company, dressed in a *fantastical* manner, so as to produce much laughter, disturbance and disorder in the ranks ; that Rathbun and several other persons, by order of the *colonel,* were placed under the immediate command of a *lieutenant* of the regiment, whose orders he repeatedly *disobeyed,* in talking and making a

noise in the ranks, after being commanded not to do so. The court martial convicted him, and imposed a fine upon him of *twenty-five dollars.*

*A. Tabor,* for plaintiff in error.

*C. P. Kirkland,* contra.

*By the Court,* NELSON, J. The charge against Rathbun was abundantly established by the evidence; whether, however, it was so or not, were there any doubt in respect to it, we would not inquire on a *certiorari* in a case like the present. The facts or evidence before the court are not to be returned any farther than what is necessary to enable this court to determine upon a point of jurisdiction, or other question of law arising in the course of the proceedings. The return of the commandant of the company was *prima facie* sufficient, 1 *R. S.* 304, §28, 33, and the court martial had authority to impose the fine of $25 for disobedience of orders, 1 *R. S.* 312, §3, *sub.* 2. I entertain no doubt also that the commandant of the regiment or company possesses ample authority, to separate from the command to which they belong, and place under guard privates who appear in unusual and fantastical habiliments, the necessary tendency of which is to excite derision and disorder, and to disturb the orderly exercises of the day when a regiment is assembled for parade. Nor do I doubt but that such disturbers of good order may be returned as delinquents in duty, and be dealt with accordingly by the court martial.

The only provision in the statutes requiring counsel to be allowed to parties accused, is in the cases of *impeachment* and *indictment,* 1*R. S.* 93, §12. The same provision is found in the 7th section of the constitution. It therefore rested solely in the discretion of the court martial, whether the party should be allowed counsel, and with the exercise of that discretion we will not interfere. The other objection, as stated, is equally untenable. It is possible that it was intended to raise the question whether the court martial should not hold their sittings in public, 1 *R. S.* 274, §1, it being the usage of regi-

mental courts martial to hold their sittings in private. Enough, however, does not appear to raise the question, and it is therefore unnecessary to determine it. It would be very inconvenient and produce great delay in the proceedings of courts martial, should they be required to hold their sittings in public. They pass upon each case as presented, and their deliberations must necessarily be in private. Such is believed to .be the universal usage.

<div style="text-align:right">

UTICA,
July, 1836.

</div>

<div style="text-align:center">

Proceedings confirmed.