THE PEOPLE EX REL. EDWARD P. UNDERWOOD, Appellants, *v.* EDWARD S. DANIELL, Major and President of a Court-Martial, etc., Respondent.

The fact that courts-martial were authorized by statute prior to or soon after the adoption of the first Constitution of this State; that when the subsequent Constitutions were framed these tribunals thus authorized were in the open and continued exercise of their authority; that when in either of the Constitutions existing courts were abolished or modified, it was done by express provision, and that there is no provision in terms modifying or abolishing courts-martial, are evidence that no such abolition was intended. The fact, therefore, that they are not included in the courts authorized to be established by the legislature by the provisions of the

new judiciary article adopted in 1869 (Const., art. 6, § 19) does not by implication prohibit their establishment. Courts-martial are also necessary incidents to the "discipline" of the State militia and the provision of the Constitution requiring the militia to be "armed and disciplined" (art. 11, § 1); also the provision that no person shall be held to answer for a capital or otherwise infamous crime except on indictment, except in cases of the militia, etc. (art. 1, § 6), recognize their existence. They are, therefore, constitutional.

The legislature has the power to direct the enforcement of valid judgments by imprisonment in case property cannot be found. The provision, therefore, of the Military Code of 1870 (§ 214, chap. 81, Laws of 1870), authorizing the arrest of a delinquent in case sufficient goods and chattels cannot be found to satisfy a fine or penalty imposed by court-martial, is constitutional.

(Argued June 11, 1872; decided November 12, 1872.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, affirming and sustaining the proceedings of a court-martial of the 13th regiment of the National Guard of the State of New York, of which defendant was president, which were brought up for review by certiorari. (Reported below, 6 Lans., 44.)

On the 3d day of January, 1871, a regimental court-martial was appointed by special order for the trial of delinquencies, etc., in said regiment. Defendant was detailed for said court. He took the prescribed oath, and opened said court at regimental head-quarters January 27, 1871.

On the 27th of January, 1871, a summons was issued by him, as president of such court-martial, directed to relator, who was and is a private in H company, in said regiment, requiring him to appear before said court-martial on the 14th of February to answer certain delinquencies specified in said summons, which summons was personally served on relator.

At the time specified relator appeared and objected to the jurisdiction of said court-martial upon the ground that the provisions of the act known as the Military Code, passed March 17th, 1870, under which said court-martial was organized, or so much thereof as prescribed the method of procedure and the method of enforcement of its sentences, were unconstitutional, which objection was overruled.

The relator then severally demanded permission to be represented by counsel, that he be tried by a jury, and that such trial be public, all of which were denied him.

And thereupon relator, entering his protest against the jurisdiction of the court and the mode of procedure, withdrew.

The said court-martial proceeded to take testimony tending to establish the alleged delinquencies, and adjudged relator to be guilty thereof, and sentenced him to be fined therefor, the whole amounting to eighteen dollars, which findings and sentence were certified to the brigadier-general appointing such court-martial and by him approved.

And thereupon the said Major E. S. Daniell, as president, etc., issued his warrant to the marshal of said court, directing said marshal to levy and collect said fines, with his costs, of the goods and chattels of relator, and in default thereof to arrest relator and convey him to the county jail of the county of Kings and deliver him to the jailor thereof.

*Samuel Hand* and *H. E. Sickels* for the appellants. A common law certiorari lies upon all adjudications of an inferior court, tribunal or officer, which court or officer acts in a summary way, or in a course different from the common law. (*Stone* v. *Mayor, etc.*, 25 Wend., 157 ; *Leroy* v. *Mayor, etc.*, 20 John., 429 ; *The People ex rel.* v. *City of Rochester*, 21 Barb., 656.) The Supreme Court has the supervisory control over, and the office of the writ is to review all questions of jurisdiction, of power, of authority, and all questions of regularity in proceedings. (*Stone* v. *Trustees of Rochester*, 6 Wend., 504; *Tallman* v. *Bigelow*, 10 id., 421 ; *Simpson* v. *Rhinelanders*, 20 id., 103 ; *People* v. *First Judge of Columbia*, 2 Hill, 398 ; *People* v. *Van Alstine*, 32 Barb., 131 ; *People ex rel.* v. *Supervisors of Livingston County*, 43 id., 432 ; *People* v. *Goodwin*, 1 Seld., 568, 572, and cases cited ; *Hill et al.* v. *M. and H. R. R. Co.*, 3 id., 152 ; *People ex rel.* v. *Commissioner of Taxes, etc.*, 23 N. Y., 192, 222 ; *People ex rel.* v. *Board of Assessors of Brooklyn*, 39 id., 81.)

The provision of the Military Code (Laws of 1870, chap. 80, art. 13, p. 222) organizing courts-martial, and under which these proceedings were had, is unconstitutional and void. (Con., art. 6, § 19 ; *Matter of Albany St.*, 11 Wend., 149 ; *Matter of J. and C. Sts.*, 19 id., 659, 676 ; *Bloodgood* v. *M. and H. R. R. Co.*, 18 id., 959 ; *Taylor* v. *Porter*, 24 Hill, 140, 146 ; *Barto* v. *Himrod*, 8 N. Y., 483, 489 ; *Haynor* v. *James*, 17 id., 316, 327 ; Con., art. 1, § 1 ; *Taylor* v. *Porter et al.*, 4 Hill, 140 ; *People* v. *Howes*, 37 Barb., 440, 456 ; *Wynehamer* v. *People*, 13 N. Y., 378, 392, 416 ; *Rockwell et al.* v. *Nearing*, 35 id., 302, 305 ; *In Matter, etc., of Townsend*, 39 id., 171, 180 ; 2 Kent's Com., 13 ; Story on Con., 661 ; 2 Coke Inst., 45, 50 ; *Westervelt* v. *Craig*, 12 N.Y., 212 ; Con., art. 1, § 2 ; *Wynehamer* v. *People*, 13 N. Y., 378, 426, 456 ; Laws of 1846, chap. 139, § 1 ; Laws of 1846, chap. 270, § 89 ; *Wood* v. *City of Brooklyn*, 14 Barb., 432 ; *Rockwell* v. *Nearing*, 35 N. Y., 302, 306.)

*John E. Burrell* and *Jas. B. Craig* for the respondent. The proceedings in question are not in violation of article five of first amendment to the federal Constitution. (*Livingston* v. *The Mayor*, 8 Wend., 100 ; *Jackson* v. *Wood*, 6 Cowen, 818, note ; *In re Smith*, 10 Wend., 449 ; *Lee* v. *Tillotson*, 24 id., 337 ; *Barker* v. *The People*, 3 Cowen, 686 ; S. C., 20 Johns., 457.) Provisions of the Military Code of the act of 1870, under which this court-martial was organized, are constitutional. (*Leggett* v. *Hunter*, 19 N. Y., 445 ; *Rockwell* v. *Nearing*, 35 id., 304 ; *Westervelt* v. *Gregg*, 12 id., 209, 212 ; *Taylor* v. *Porter*, 4 Hill, 146, 147, 152 ; *Livingston* v. *Mayor*, 8 Wend., 85 ; *Bloodgood* v. *Mohawk Co.*, 18 Wend., 1 ; *Rathbun* v. *Sawyer*, 15 id., 451 ; 1 R. S., 304, 312 ; *Murphy* v. *The People*, 2 Cowen, 815 ; *Duffy* v. *The People*, 6 Hill, 75 ; *Plato* v. *The People*, 3 Park. Cr., 586 ; *Gildersleve* v. *The People*, 10 Barb., 35 [recognizance] ; *In re Empire City Bank*, 18 N. Y., 199 ; S. C., 8 Abb. Pr., 192 ; *In re Smith*, 10 Wend., 449 ; *Leggett* v. *Hunter*, 19 N. Y., 445 ; *Bank* v. *Brown*, 26 id., 467, 529 ; *Clark* v. *Miller*, 42 Barb., 255 ;

*Luke* v. *City*, 43 id., 54.) Trials by court-martial are authorized by the federal Constitution and laws. (U. S. Con., art. 1, § 8, sub. 15; 2 U. S. Stat. at Large, 359; *Ex parte Milligan*, 4 Wal., 123, 127; *People* v. *Mollineaux*, 40 N. Y., 113.)

Peckham, J. Appeal from the judgment of the General Term in the second department of the Supreme Court, affirming the proceedings of the court-martial, of which the defendant was president. The court-martial tried the relator for not attending certain parades or drills—some five of them—and sentenced him to pay a fine of eighteen dollars in all, as provided by the statute. (1 Sess. L. of 1870, p. 270, § 207.)

The relator, upon being personally summoned, appeared before that court, denied its jurisdiction upon the ground that the act of 1870 under which it was organized was unconstitutional, demanded a trial by jury, and also that he be allowed to appear by counsel. His objections were overruled, and the delinquencies having been proved, that tribunal found him guilty of the charges and imposed said fines. The president subsequently issued the precept or execution to commit the relator to jail in default of property to satisfy the amounts.

The point as to the right to appear by counsel before the court-martial is expressly waived by the appellant, and is therefore not considered.

It is insisted that the act establishing this military court is unconstitutional and void; that these are not local courts. The argument is based upon the judiciary article of our State Constitution, adopted in 1869, which modifies the courts generally, as then established, and then authorizes the legislature to establish "inferior local courts" of civil and criminal jurisdiction; thus, by implication, prohibiting the establishment of any other. (Art. 6, § 19.) The existence of this military court is also claimed to be in violation of various provisions of the Constitution as to the rights of citizens.

It is singular, if there be force in these objections, that they should never before have been presented, so far as we know,

to any court, although the legality of the proceedings of these tribunals has been often assailed in the courts.

The provisions of each Constitution of our State on this subject have been substantially the same. The fact, then, that they have thus stood unquestioned for nearly a century, is clear evidence of the opinion of the bar as to their constitutionality.

The several Constitutions of this State afford at least negative evidence that these tribunals were not aimed at in any provision to abolish or modify any court. These tribunals were authorized by statute while this State was yet a colony, and within ten years after the adoption of the first Constitution, viz., in April, 1786, they were authorized under the act " to regulate the militia." (1 Laws of N. Y., Green ed., 227.) Modified in various ways by statute, they have continued ever since.

When the subsequent Constitutions were framed, these tribunals, plainly authorized by statute, were in the open, continued exercise of their authority, yet not a word is found either in the Constitutions of 1821, 1846 or in the judiciary article adopted in 1869, abolishing or modifying them in terms or by plain implication.

But where in either of them existing courts were abolished or modified, it was done by plain, express provision.

The failure to modify or abolish these tribunals in the manner adopted as to other existing courts, is evidence that no such abolition was intended.

A change so radical as the total abolition of these military tribunals, then, plainly authorized by the statute, and which have existed in civilized nations almost from time immemorial, would scarcely have been left to uncertain implication. It is fair to infer that the convention, knowing of the existence and use of these military tribunals, intended to leave them to be regulated by law. (*Livingston* v. *The Mayor of N. Y.*, 8 Wend., 102; *Beekman* v. *Sar. & Sch. R. R. Co.*, 3 Paige, 75; *In re. Smith*, 10 Wend., 450.)

No discussion or proposition for their abolition was heard

of in the convention that framed the present judiciary article of the Constitution, and it is clear that the convention did not intend to abolish them.

There is also an affirmative recognition in the Constitution of these tribunals.

The Constitution declares, that "the militia of this State shall at all times hereafter be armed and disciplined and in readiness for service." (Art. 11, § 1.) (This provision is contained in all the Constitutions of our State.)

It also provides that no person shall be held to answer for a capital or otherwise infamous crime, unless on indictment, "except in cases of the militia, when in actual service, and the land and naval forces in time of war, or which this State may keep, with the consent of congress, in time of peace." (Art. 1, § 6, Const. of 1846.)

These provisions recognize the existence of courts-martial. They are a necessary incident to the "discipline" of the militia, though not regarded as courts of justice within the prohibition of the Constitution. (*In re Smith*, 10 Wend., 449.)

The provision in each Constitution requiring the militia to be disciplined, implies that there must be some tribunal to enforce it. For that purpose there has never been any other than these military tribunals, and there is nothing in either Constitution that manifests an intent to abolish them.

*In re Smith* (*supra*), the question of the constitutionality of the law allowing a medical society to try a member was raised against the action of the medical society in trying Smith for an alleged misdemeanor. The court held it to be mere discipline, and that that tribunal was not exercising the usual jurisdiction of ordinary courts of justice, and was therefore not within the prohibition against new courts. Nor is this statute in conflict with the provisions of the Constitution, declaring that "no member of this State shall be disfranchised or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land or the judgment of his peers." (Art. 1, § 1.) Nor with the

provision that "no person shall be deprived of life, liberty or property without due process of law." (Art. 1, § 6.)

These provisions in the Constitution are very ancient, and have always been the law of our State. I think they are in harmony in their substance. I believe no court has ever yet questioned the right of these tribunals to exist, and to exercise their authority within its proper limits.

It is also argued that this statute is in conflict with the provision of the Constitution that "the trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever." (Art. 1, § 2.)

It is urged that it is "at least in conflict, in that it authorizes the arrest and imprisonment of the delinquent." This provision of the Constitution is much like those just before considered. These constitutional objections were all raised in *In re Smith* (*supra*), and in the other cases also, and held not to apply.

That this act authorizes the arrest and imprisonment of the delinquent upon the execution, has nothing to do with the right of trial by jury. If the judgment be right, the legislature has the undoubted authority to declare whether the delinquent may be imprisoned, if the officer fail to find sufficient goods.

By two acts of 1846, the legislature declared that in certain cases he should not be imprisoned. By the statute of 1870 they enacted that he might be, in certain cases, and the legislature of 1870 had the same power as that of 1846.

The points involved in this case do not appear to us to require a more particular discussion. The question of the right to a certiorari in this case was not raised, and is not considered.

The judgment should be affirmed.

All concur.

Judgment affirmed.