## GEORGE PERAULT, APPELLANT, *v.* GEORGE RAND AND OTHERS, RESPONDENTS.

*Courts-martial — proceedings of, will not be enjoined.*

A court of equity will not restrain, by injunction, a court-martial from trying one, subject to its jurisdiction, where he alleges, as the only ground for such injunction, that he has already been tried upon the same charge, and that he apprehends that the second trial will be unfairly conducted.

APPEAL from an order made at Special Term, denying a motion for the continuance of an injunction.

*Henry H. Morange*, for the appellant.

*James Lyman Price*, for the respondents.

DANIELS, J. :

The appellant had been tried as a member of a military organization by a court-martial, and dismissed by its judgment; upon his own application, he was afterwards restored by virtue of a writ of mandamus, for the reason that his trial and dismissal were not in accordance with the requirements of the law applicable to such proceedings. And another trial was then projected, and he applied for an injunc-

tion to restrain and prevent it, because he had once been tried upon the same charges, and apprehended that the second trial would be unfairly conducted. The grounds upon which this apprehension were entertained, have been practically disproved by the affidavits presented in behalf of the defendants, but if they had not been, the case would not be a proper one for an injunction. The laws have created tribunals, which have been invested with jurisdiction to try military misconduct and offenses, and this court has no authority to nullify their provisions upon this subject, as it certainly would by restraining the proceedings by injunction. If that could be done in the case of a military tribunal, the same authority could be extended over all other tribunals where it might be alleged that there was reason to fear that the trial would not be an impartial one. Courts of equity have no such enlarged authority.

If the party proceeded against has a defense in either a civil or criminal proceeding which can be effectually made before the tribunal having cognizance of the case, the orderly administration of the law requires him to present and maintain it there, and courts of equity cannot ordinarily interfere, by means of an injunction, to prevent that from being done. (*Holderstaffe* v. *Saunders*, 6 Mod., 16; *Montague* v. *Dudman*, 2 Vesey, Sr., 396; 1 Water. Eden on Injunc., 67, note 1; *New York Dry Dock Co.* v. *American Ins. Co.*, 11 Paige, 384; High on Injunc., § 46, and cases cited in note.)

If the plaintiff cannot be lawfully tried upon the charges made against him again, he can present that objection by way of answer to the proceedings which he expects may be instituted; and if he is right in that position, the military tribunal, which must and undoubtedly will conform to what the laws and the Constitution require upon this subject, will allow his objection to prevail. But if it shall fall into an error and improperly reject the defense proposed: in case it shall be established by the evidence produced, then that can be redressed by means of the writ of certiorari. (*Rathbun* v. *Sawyer*, 15 Wend., 451.) Cases frequently arise where parties are proceeded against a second time on the same complaint or cause of action, and when they can show themselves entitled to protection under the previous proceeding, they are not allowed to be harassed by that subsequently instituted. But redress is always afforded by way of defense in the action or proceeding itself. It is not done by way of injunc-

tion, which would constitute an unjustifiable interference with other tribunals equally as competent, certainly, to administer justice as courts proceeding in equity.

For these reasons, and those assigned by Mr. Justice BRADY on the decision of the motion, the order should be affirmed, with the usual costs and disbursements.

DAVIS, P. J., concurred.    BRADY, J., taking no part.

Order affirmed, with the usual costs and disbursements.