Lawrence, J.
I think that the counsel for the respondent is correct in the position that the present case is one in which the service was made upon the petitioner, under the provisions of section 199 of the Military Code, and that as the service was personal, the alleged delinquent was not entitled to five days’ notice that the court-martial would be convened for the trial of his case. Neither do I think that it is incumbent upon the respondents, in order to sustain the jurisdiction of the court-martial, to show that the petitioner was warned, as provided by sections 135, 136, 137 and 138 of the Military Code. I think that the court acquired jurisdiction when the summons against him, as a delinquent or party accused, was personally served upon him, and he was thus notified to appear and confront his accusers. The provision in reference to five days’ notice only applies to cases where charges and specifications are served or where the service is by mail (see sections 199, 196 and 142 of the Code).
In reference to the remaining question I deem it sufficient to say that it appears upon the face of the return that after the adjournment of the court the record ‘was delivered to Colonel Porter, the officer ordering the court, who, upon May 6, 1882, published an order approving the same, which was within less than fifteen days after such delivery. This gave the petitioner until May 26 within which to appeal. Such appeal was not, however, taken (Code, § 202).
Under section 214: “The president of the court shall, within fifteen days after the expiration of the time in which an appeal is allowed, as provided in section 202 of this act (fines or penalties having been ap proved), make a list of all the persons fined, describing - them distinctly, and showing the sums imposed as tines or penalities on each person, and shall draw his warrant, &c.” As this warrant was issued on June 7, and as, under the- terms of the preceding section, the presi *233 dent of the court had until June 10 within which to issue the warrant, I think that his proceedings in that respect have been entirely regular.
On the whole case I fail to discover any defect in the jurisdiction of the court, and the writ must, therefore, be dismissed and the prisoner remanded.