THE PEOPLE OF THE STATE OF NEW YORK ex rel. CAPTAIN HARRY A. ELY, ' Ninth Regiment, First Brigade N. G. S. N. Y., v. MAJOR–GENERAL JOSIAH PORTER, Adjutant–General.

*Trial of a commissioned officer by a general court-martial — the same degree of particularity is not required in making the charge as in an indictment — what acts will be held unbecoming an officer and a gentleman.*

Upon the hearing under a writ of *certiorari* brought to review a trial and conviction of the relator, a captain in the Ninth Regiment of the National Guard of the State of New York, by and before a court-martial duly convened and organized, it appeared that he was charged with conduct unbecoming an officer and gentleman, the specification stating that while holding a commission in the Ninth Regiment of Infantry, and on or about August 24, 1887, at the city of New York, he stated and represented to one Mingey that he was in need of money, and would, in consideration of the payment to him by Mingey of twenty dollars, assign to him a check for thirty dollars, which would be paid to him in a few days thereafter for his uniform allowance by the adjutant-general, and that he was entitled to the check and the proceeds thereof, and that, in reliance upon these representations, Mingey paid to him the sum of twenty dollars and received a written assignment of the check, the same to be indorsed and promptly forwarded to Mingey upon its receipt; that prior to that time, and on June 24, 1887, the relator had already, upon the credit of his uniform check, obtained from Major Bartlett the sum of thirty dollars, and delivered to him a receipt for that sum, to be returned by the transfer to Major Bartlett of the said check when received; and that, after obtaining these sums of money, he received the check and indorsed and appropriated the proceeds of the same to his own use.

*Held*, that an objection, presented in behalf of the relator, that the specifications were not sufficient, in and of themselves, to give the court jurisdiction, was not well taken.

That, in statutory proceedings of this description, the same degree of particularity is not required in making the charges as the law has exacted in framing an indictment, and that it was sufficient, for the purposes of this proceeding, that the charges were intelligently expressed with reasonable clearness, stating the time and place where the misconduct was alleged to have occurred.

*Smith* v. *Whitney* (116 U. S., 167) followed.

That the acts of misconduct charged constituted acts unbecoming an officer and a gentleman, and were connected with and related to the military service.

That, because his acts and representations may possibly have resulted in the commission of a criminal offense, the law did not require that he should be first indicted and tried for the crime before his trial could proceed before the court-martial.

*People ex rel. Siebert* v. *Commissioners* (20 Hun, 335) distinguished.

That the provisions contained in chapter 299 of 1883 conferred upon the court-martial, as it was organized under the authority of the governor, the power to hear, try and determine these charges, as it did, and to convict the relator of the misconduct set forth in the charge.

*Smith* v. *Whitney* (*supra*) followed; *People ex rel. Spahn* v. *Townsend* (10 Abb. N. C., 169) distinguished.

That a judgment which sentenced the relator to be cashiered from the service, which was afterwards approved by the governor, as commander-in-chief of the State National Guard, should be affirmed.

Writ of *certiorari,* issued on March 31, 1888, pursuant to an order made at a Special Term on the same date, to review a trial and conviction of the relator by and before a court-martial, held at the armory of the Seventy-first Regiment, in the city of New York, in February, 1888.

*Hugh Coleman,* for the relator.

*William W. Ladd, Jr.,* judge-advocate-general, for the respondent.

Daniels, J.:

The relator was captain in the Ninth Regiment of the National Guard of the State of New York. He was charged with conduct unbecoming an officer and gentleman. By the specification which was made in the elaboration of the charge, it was stated that while holding a commission in the National Guard, as captain in the Ninth Regiment of Infantry, and on or about August 24, 1887, at the city of New York, he represented to Lawrence P. Mingey that he was in need of money, and would, in consideration of the pay-

ment to him by Mingey of the sum of twenty dollars, assign to him a check for thirty dollars, which he stated and represented, would be paid him in a few days thereafter for his uniform allowance by the adjutant-general, and that he was entitled to the check and the proceeds thereof; that, in reliance upon the representation, Mingey paid to the relator this sum of twenty dollars, and received a written assignment from him of his check from the State of thirty dollars due on uniform account, the same to be indorsed and promptly forwarded to Mingey upon its receipt by the relator. It was further charged that prior to the time when the representations and the transaction were made and took place, and on or about June 24, 1887, the relator had already, upon the credit of his uniform allowance, obtained from Major Clifford A. H. Bartlett the sum of thirty dollars, and delivered to him a paper, whereof a copy is set forth. This was a receipt for the sum of thirty dollars from the major, to be returned by the State uniform check when received. After obtaining these sums of money, it was charged that the relator received from the adjutant-general the check for thirty dollars for his uniform allowance, and indorsed it and appropriated the proceeds of the same to his own use.

Proceedings were taken, as they were required by the statute, to bring the relator to trial upon these charges, and the evidence which was given during the course of the trial substantially proved their truth. In behalf of the relator the objection has been presented that the specifications were not sufficient, in and of themselves, to give the court jurisdiction or to place the relator upon his trial; but in statutory proceedings of this description the same degree of particularity is not required in making the charges as the law has exacted in framing indictments. What the proceedings require is that the person charged should have intelligent information of the charge presented against him, and that was clearly given to this relator by these charges. Beyond that it was not necessary to go. This was held in *Smith* v. *Whitney* (116 U. S., 167) where the court approved of the conclusion expressed upon another occasion, " that it would be extremely absurd to expect the same precision in a charge brought before a court-martial as was required to support a conviction by a justice of the peace." (Id., 185.) It was sufficient for the purposes of the proceeding that the charges were

intelligently expressed, with reasonable clearness, stating the times and place when the misconduct was alleged to have occurred. The acts of misconduct charged did consist of acts unbecoming an officer and gentleman, and they were connected with and related to the military service, for they were performed concerning and about the money or check which the relator was entitled to as an officer, and did receive from the State in that capacity on his uniform account; and by the acts which were made the subject of the charge he endeavored to dispose of the check to be received, and which was afterwards actually delivered to him, to two different individuals, misrepresenting the facts as they existed and succeeded in obtaining money on the faith of such a disposition of the check. In his conduct, based upon the right to the check, he successfully imposed upon two different individuals, and that surely was conduct unbecoming to him, both as an officer and as a gentleman. Because his acts and representation may possibly have resulted in the commission of a criminal offense, the law did not require him to be indicted and tried before his trial could proceed in the tribunal where it took place. The case of *People ex rel. Siebert* v. *Commissioners* (20 Hun, 335) decides no such general proposition. It arose under the police laws of the city of New York, having no application whatever by way of analogy or otherwise to this case; neither does either one of the other authorities referred to in support of this writ.

The relator was tried before the court-martial under the powers conferred by chapter 299 of the Laws of 1883, which authorized this trial and proceeding. By this section it has been declared that every commissioned officer, and the relator was such an officer, may be tried by a general court-martial for the following offenses, and subdivision 18 of this section specifies as one of the offenses, for which a trial may in this manner be had, to be conduct unbecoming an officer and gentleman, and for conduct to the prejudice of good order and military discipline. These provisions of the statute included this case and conferred upon the court, as it was organized under the authority of the governor, the power to hear, try and determine these charges, as it did, and to convict the relator of the misconduct set forth in this manner.

The authority which may be exercised over the misconduct of military officers was very fully examined in the case of *Smith* v.

*Whitney* (*supra*).  And it was there said by the court, in the course of its decision, that " under every system of military law for the government of either land or naval forces, the jurisdiction of courts-martial extends to the trial and punishment of acts of military or naval officers, which tend to bring disgrace and reproach upon the service of which they are members, whether those acts are done in the performance of military duties or in a civil position, or in a social relation or in private business."  (116 U. S., 183, 184.) And the authorities to which reference was then made fully sustained these legal principles.  The case of *People ex rel Spahn* v. *Townsend* (10 Abb. N. C., 169) has been referred to as an authority in support of the writ, but it is not, for there the conduct, which was made the subject of the charges, was entirely different and distinct from that presented in this case, which was clearly within the language of the statute under which the relator was tried.

By the judgment which was pronounced the relator was sentenced to be cashiered from the service, and this judgment was afterwards approved by the governor as commander-in-chief of the State National Guard.  And it was expressly authorized by subdivision 18 of section 119 of chapter 299 of the Laws of 1883.  By that it has been provided that on conviction of the officer for the offense in this manner defined, he may be sentenced to be cashiered, incapacitated from holding any military commission, fined to any amount not exceeding $100, or reprimanded, or to all or either of such fines and penalties.  And that clearly warranted the sentence of the court in finding the relator guilty in this instance and subjecting him to the punishment which it did.

The proceedings brought up by the writ should, therefore, be affirmed, with costs and disbursements amounting to the sum of fifty dollars.

Van Brunt, P. J., concurred.

Proceedings brought up by writ affirmed, with costs and disbursements amounting to the sum of fifty dollars.