PEOPLE *ex rel.* PATTERSON *v.* REED.

(*Supreme Court, General Term, Third Department.* July 2, 1892.)

**1. MILITIA—DELINQUENCY COURT—JURISDICTION.**
Where, in a *habeas corpus* proceeding, it appeared that the delinquency court created by the provisions of the Military Code issued the warrant under which the relator was held; that the president of such court issued a summons, which was served on relator; that the validity of such court is not traversed by the petition or answer to return; and that relator appeared in answer to the summons,—the court had jurisdiction of relator, and any error of such court can only be corrected by *certiorari* or appeal.

**2. SAME—AMOUNT OF FINES.**
Military Code, § 123. (2 Rev. St., 8th Ed., p. 853,) providing that "every enlisted man, who shall, without proper excuse, be absent from, or in any other respect delinquent at, any drill, parade, encampment, meeting for instruction, or other duty ordered by competent authority, shall be fined by a delinquency court, for enlisted men not more than five nor less than one dollar for each absence or other delinquency," does not prohibit the delinquency court from inflicting fines aggregating $50, if the same is made of sufficient number as not to exceed $5 for each offense, and is not the exercise of an excess of authority.

**8. SAME—WARRANT.**
Under Military Code, § 127, providing that, for the purpose of collecting fines imposed by any delinquency court, the president of the court shall make a list of all persons fined, showing the sums imposed as fines on each person, and not paid, and shall draw his warrant directing the marshal to collect same, such court did not exceed its authority in embracing in one warrant several fines, where the fine imposed for each did not exceed the maximum sum imposed as a penalty for any one delinquency.

**4. SAME—IMPRISONMENT.**
The warrant properly directed the imprisonment of relator in the county jail under a statute providing that, in default of sufficient goods and chattels to satisfy said fines, the marshal, sheriff, or constable of any city or county shall take the body of such delinquent, and convey him to the common jail of such city or county.

**5. SAME—CHARGES AND SPECIFICATIONS.**
Military Code, § 114, which provides that charges and specifications shall be served on accused when brought to trial before a court-martial, does not apply to a trial in the delinquency court.

Appeal from order of Warren county judge.

Application by James M. Patterson against Edward Reed for writ of *habeas corpus.* From an order of the court dismissing the writ, and remanding the relator, he appeals. Affirmed.

The relator being in custody of the defendant, under a warrant purporting to have been issued by a delinquency court organized under the provisions of

the Military Code, sued out a writ of *habeas corpus*, and the defendant, by his return to such writ, justified under such warrant. The warrant recites that a delinquency court was duly appointed and held for the trial of enlisted men of the 18th Separate Company, National Guard; that the relator was duly summoned to appear at such court, at a time and place appointed, at which time and place such court was held, and the relator was returned thereto as delinquent in not attending certain specified drills and parades; that it appeared to the satisfaction of such court that the relator was a duly-en- listed member of one of such companies, and that no sufficient excuse was pre- sented for the delinquency charged against him; and that the court thereupon adjudged him delinquent as charged, and sentenced him to pay a fine of $50. The warrant required the defendant to collect such fine, with costs, from the relator, and, in default of property, to arrest and convey him to the common jail of the village of Glens Falls, or the county of Warren, as the case may be, and to deliver him to the jailer for imprisonment according to law. The relator, by his traverse of such return, denied the validity of the warrant, and charged and alleged that the court was not legally constituted, and that it had no jurisdiction of the relator or the subject-matter of the proceedings. Upon the hearing, the only evidence given before the county judge was by the relator, that a summons was served upon him for his appearance before the delinquency court. The county judge made an order dismissing the writ, and remanding the relator to the custody of the defendant, and from that or- der the relator appeals.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*Louis M. Brown*, for appellant. *Loyal L. Davis*, (*Charles J. Buchanan*, of counsel,) for respondent.

MAYHAM, P. J. The relator insists that there was no proof before the county judge on these proceedings that the delinquency court acquired ju- risdiction, either of the person of the relator or of the subject-matter of the charge, to authorize that court to impose the fine for which the relator was arrested and committed by the defendant under the warrant issued by the president of the court. We think the summons issued by the president of the delinquency court, which was put in evidence on the part of the relator, and which he swears was served upon him, was sufficient *prima facie* to establish the jurisdiction of that court, both of the relator and subject-matter of the charge. The statute authorizes the creation and organization of the delinquency court, and the amended return shows that the warrant was issued by the president of that court, and the existence and validity of such court is nowhere expressly traversed by the petition or answer to the amended return; and we therefore conclude that the existence and jurisdiction of that tribunal are established, and by the service of the summons and the appearance of the relator in the delinquency court, pursuant to its mandate, the court acquired jurisdiction of the person of the relator. The delinquency court having thus acquired jurisdiction, the county judge on *habeas corpus* could not, nor can this court on an appeal from his order quashing the writ, inquire into the legality or justice of the mandate, decree, or final order of the delinquency court. For an error in the exercise of the jurisdiction, relief must be sought either by *certiorari* or appeal. This was the rule under the Revised Statutes, and it has not been changed by the Code. Section 2034 of the Code of Civil Procedure provides as follows: "But a court or judge, upon return of a writ issued as prescribed in this article, shall not inquire into the legality or jus- tice of any mandate, judgment, decree, or final order specified in the last section but one, except as therein stated " Section 2033 of the Code provides that, where a person is in custody by virtue of a mandate in a civil cause, he can be discharged only in one of the cases mentioned in that section, and this pro- ceeding does not come within any of the cases there enumerated. It is quite

true that, as this delinquency court is not a court of general jurisdiction, its recitals of jurisdictional facts do not furnish *prima facie* evidence of jurisdiction. But the jurisdiction of this court in this case does not rest upon the recitals alone, but upon the summons and proof of service, and the uncontradicted allegation in the return of the existence and organization of the court, which stands admitted on the record. While, therefore, the jurisdiction of this court was open to be attacked in this proceeding, yet when jurisdiction is shown its proceedings cannot be collaterally assailed. Upon this subject RU-GER, C. J., in *People* v. *Warden, etc.,* 100 N. Y. 26, uses this language: "When, however, a court has jurisdiction of the subject-matter, and has acquired jurisdiction of the person by service of proper process, or a voluntary appearance of the party, it is competent for it to try and determine all questions within the issue, arising during the course of the trial, and its decision thereon can be reversed only on appeal in a direct proceeding, having that object in view." But it is insisted that a delinquency court had no power to inflict a penalty amounting in the aggregate to $50, and that the imposition of this penalty comes within the provisions of the *habeas corpus* act as contained in subdivision 1 of section 2033 of the Code, when the jurisdiction of the court has been exceeded. By section 123 of the Military Code, (2 Rev. St., 8th Ed., p. 853,) it is provided as follows: "Every enlisted man who shall, without proper excuse, be absent from, or in any other respect delinquent at, any drill, parade, encampment, meeting for instruction, or other duty ordered by competent authority, shall be fined by a delinquency court, for enlisted men not more than five nor less than one dollar for each absence or other delinquency."

The relator denies the right to duplicate offenses, and try a delinquent for 10 offenses or delinquencies at the same time; but we see nothing in the act that prohibits such a fine, if the same is made of a sufficient number of delinquencies as not to exceed $5 for each offense, to aggregate to that amount. That would not be the exercise of an excess of authority prohibited by the *habeas corpus* act, above referred to, so long as each penalty did not exceed the maximum of the penalty for such delinquency. If the duplication of these penalties in one warrant was erroneous, that was but an error in the exercise of the jurisdiction, which could only be corrected on appeal, and not on *habeas corpus,* as we have already shown. If the imposition of a penalty is to be considered in the nature of a conviction for an offense, then the case of *People* v. *Linscomb Co.,* 60 N. Y. 559, would be in point, and the authority of the court would be clearly exceeded, and the want of jurisdiction as to such excess of authority would be good ground for interference by *habeas corpus,* for, as to such excess, the court would be without jurisdiction, and its order would be void. But it can hardly be claimed that the delinquencies charged against the relator were criminal, and that the penalties imposed by the statute for such delinquencies were in the nature of punishments for crimes, and hence the aggregation of punishment for several offenses charged in the Tweed indictments have no direct application to the delinquencies charged against the relator for which this sum of $50 was imposed as a fine. This case is more nearly like a civil action for the violation of the game and excise laws, when several penalties may be recovered in the same action, and enforced on the same execution. But the Military Code in itself contains provisions which strengthen the argument that fines may be aggregated and embraced in the same warrant for collection by the marshals. Section 127 is as follows. "For the purpose of collecting any fines or penalties imposed by any court-martial or delinquency court authorized by this act, the president of the court shall, within twenty days after the expiration of the time in which an appeal is allowed as provided in this act,  *  *  *  make a list of all persons fined, describing them distinctly, and showing the sums as fines or penalties imposed on each person and not paid, and shall draw his warrant,

directing the marshal to collect," etc. It seems quite evident, from the language above employed, that the president may in the same warrant aggregate several penalties against the same person in one warrant, and also that he may in the same warrant embrace more than one delinquent. It would seem, therefore, that the delinquency court did not exceed its authority in embracing in one warrant several fines, so long as the fine imposed for each delinquency did not exceed the maximum sum imposed as a penalty for any one delinquency.

It is urged that there were no charges and specifications served on the relator as required by section 114 of the Military Code. That section only requires that charges and specifications shall be served on the accused when brought to trial before a court-martial. No such requirement is made in trials before delinquency courts. It is also urged that the warrant was irregular on its face, in that it directed the imprisonment of the relator in the Glens Falls or county jail in default of collection or payment of the fines. The statute does not prescribe the form of the warrant, but it defines the powers and duties of the marshal or sheriff charged with its execution, as follows: "In default of sufficient goods and chattels to satisfy the same, then the marshal of the court, or sheriff or constable of any city or county, * * * shall take the body of such delinquent and convey him to the common jail of such city or county," etc. The warrant, therefore, directed substantially the performance of the same act which the statute required the sheriff or marshal to do without any such direction, and it is difficult to see how the relator could be injured by such direction. Such direction was not required by statute, but it gave no direction that the sheriff, under the statute, was not required to do, whether it was contained in the warrant or not. The order of the county judge directing that the writ be quashed, and the relator remanded, was right, and must be affirmed, with costs. Order affirmed, with costs and printing disbursements. All concur.