ADELBERT D. BREWER, Appellant, _v_. S. S. CALIFF, Respondent.

_Judgment of a justice of the peace — when it may be reversed._

A County Court should not reverse the judgment of a justice of the peace as against the weight of evidence unless the justice's judgment is so plainly against the weight and preponderance of proof that it can. be seen that the justice could not reasonably have arrived at the decision which he made.

APPEAL by the plaintiff, Adelbert D. Brewer, from a judgment of the County Court of Chemung county in favor of the defendant, entered in the office of the clerk of the county of Chemung on the 21st day of June, 1904, upon the decision of the court, reversing a judgment in favor of the plaintiff rendered by a justice of the peace of the town of Erin, Chemung county, on the 18th day of April, 1903, and also from an order of said County Court, entered in said clerk's office on the 7th day of July, 1904, amending the judgment appealed from.

_Lewis E. Mosher_, for the appellant.

_H. H. Rockwell_, for the respondent.

SMITH, J.:

The appellant here seeks to reverse a judgment of the Chemung County Court reversing a judgment of a justice of the peace in favor of the plaintiff as against the weight of evidence. The plaintiff and defendant owned adjoining farms. Upon the defendant's farm was a watercourse, which was by him diverted so that the water flowed onto and over the land of the plaintiff, damaging about one acre of buckwheat, and, as is claimed by the plaintiff, damaging and rendering worthless about one acre of land. The damage to the buckwheat was shown to be ten dollars. The value of one acre of land was shown to be thirty dollars. In the Justice's Court judgment was awarded for forty dollars, besides costs.

Upon the trial of the action the defendant offered no evidence. The plaintiff swore that his buckwheat was worth ten dollars an acre, and "after water ran over it, it was not worth anything. Said water cut the field in different directions, washed soil and cut the field three or four feet deep in places. Have bought and sold land and know the market value of land for the last 20 years. The

market value of said land before the water was turned on was $30 per acre. Since the water cut it, it is almost worthless." The witness Snell, sworn in behalf of the plaintiff, testified : " The channel was filled up and run the water on plaintiff's land. A ditch runs zigzag across plaintiff's land. Said ditch was cut from 18 to 20 inches in depth. About one acre was cut up and worthless. Before the water was turned in, said field was smooth. * * * Know the market value of this field that has been cut up by water; worth $30 per acre prior to July, 1902. Consider it worthless now." The witness Cowan, sworn in behalf of the plaintiff, testified : " Saw plaintiff's field in March, 1903. It was cut up with water very bad. Saw ditch on plaintiff's land ; it was from one to three feet deep. Soil was washed some. The length of the ditch washed in plaintiff's field was 25 rods long." La Mott Ennis, sworn in behalf of the plaintiff, testified : " Said field was cut up bad with water. * * * Was worth $30 per acre."

In *Murtagh* v. *Dempsey* (85 App. Div. 204) this court has declared the rule to be that a County Court should not reverse the judgment of a justice of the peace as against the weight of evidence unless the justice's judgment is so plainly against the weight and preponderance of proof that it can be seen that the justice could not reasonably have arrived at the decision which he made. It seems quite clear from the evidence quoted that the judgment of the justice was not without evidence, nor was it against the weight of evidence. In addition to the damage to the buckwheat, about one acre of the field was so cut up as to be practically worthless. The justice was, then, clearly authorized to give judgment for the damage to the buckwheat and for the injury to this acre of land. Without evidence on the part of the defendant that the damage done was less than is claimed by the plaintiff, it is difficult to see how the justice could well have rendered any other verdict.

The judgment and order must, therefore, be reversed, and the judgment of the justice affirmed, with costs of the appeal in this court.

All concurred.

Judgment and order reversed and judgment of the justice affirmed, with costs of appeal in this court.