## COUNTY COURT.—CHAUTAUQUA COUNTY,

April, 1909.

## THE PEOPLE v. JOSEPH KRANZ.

(63 Misc. 146.)

COSTS—LIABILITY OF COMPLAINANT FOR.

> Where, upon a trial in a court of Special Sessions for an assault in the third degree, the defendant is acquitted by the verdict of a jury who find as a fact that the prosecution was malicious and without probable cause, upon the failure of the complainant to pay the costs, as ordered by the justice of the peace, judgment is properly entered against him; but it is error to include in the costs an item for counsel fees to the attorney who appeared for the prosecution.

APPEAL from a judgment rendered for the costs of a criminal proceeding by a justice of the peace.

*Thomas H. Larkins,* for appellant.

*Stearns, Thrasher & Sullivan,* for respondent.

OTTAWAY, J.:

This is an appeal taken by the defendant from a judgment rendered against him for the costs of a criminal proceeding by a justice of the peace. The defendant made information before a justice of the peace of the town of Pomfret, Chautauqua county, charging John C. Ludwig with the crime of assault in the third degree. Upon this information depositions were taken, a warrant issued, and a trial had before a jury. Upon the trial the facts were disputed. The defendant, Joseph Kranz, was sworn as a witness upon the part of the People, and testified that he witnessed the assault. Witnesses were introduced by Ludwig who testified that no assault was committed. The jury rendered a verdict of not guilty and found as a fact

23

that the prosecution was malicious and without probable cause. Pursuant to such finding, the justice ordered the defendant, Joseph Kranz, to pay the costs of the proceedings, adjudging the said costs to be the sum of twenty-one dollars and fifty cents. The defendant having failed to pay said costs, judgment was entered against the defendant for the amount of the same. The defendant appeals from the judgment so rendered. Sections 719 and 720 of the Code of Criminal Procedure warrant the practice had herein.

The facts in this case having been disputed, the questions of malice and of probable cause were questions of fact for the jury to determine. *Scott v. Dennett Surpassing Coffee Co.*, 51 App. Div. 321; *Langley v. East River Gas Co.*, 41 id. 470; *Robbins v. Robbins*, 133 N. Y. 597.

The jury having determined the questions of fact their finding is conclusive. *Brewer v. Califf*, 103 App. Div. 138; *Schoonmaker v. Spencer*, 54 N. Y. 366; *Murtaugh v. Dempsey*, 85 App. Div. 204; *Clark v. Daniels*, 29 id. 600; *Coursey v. Coe*, 24 id. 271.

A more serious objection arises in reference to an item that forms a part of the amount of this judgment. The justice has included in the judgment five dollars counsel fees to the attorney who appeared for the People in the trial of the case in justice's court. This item forms no part of the costs, and is not authorized by sections 719 and 720 of the Code of Criminal Procedure. The judgment rendered herein must be modified by deducting this amount from the judgment rendered; and, after such deduction, the same is affirmed as to balance, pursuant to section 3063 of the Code of Civil Procedure, without costs to either party.

Judgment affirmed without costs to either party.

# NOTE ON COURTS MARTIAL.

(See People v. Wendel, 22 N. Y. Crim. 339.)

## AUTHORITY FOR.

The fact that C. M. are not included in courts authorized to be established by the Constitution, held not to prohibit their institution by statute. People v. Daniel, 50 N. Y. 274.

Held to be court within the meaning of section 6 of article 1 of the State Constitution. People v. Van Allen, 55 N. Y. 31; People v. Daniel, 50 N. Y. 274.

Held to be executive agencies of government, and therefore not affected by the third article of the Constitution of the United States or the judiciary articles of the Constitutions of the several States. Trask v. Payne, 43 Barb. 569.

## JURISDICTION OF.

Military offenses held triable by the court without a jury. People v. Daniel, 50 N. Y. 274.

Conduct unbecoming an officer discussed and defined. People v. Porter, 50 Hun, 161.

Privates appearing at place of assemblage in fantastical garb, thereby exciting disorder when organization is assembled, held liable to punishment as delinquents. Rathbun v. Sawyer, 15 Wend. 451.

Temporary disability of one of the officers of the court held not to create such a vacancy as is contemplated by the statute. Van Orsdall v. Hazard, 3 Hill, 243.

Delinquency courts treated and defined. In re Leary, 27 Hun, 564.

Held courts of special and limited jurisdiction, and where defendant justifies under the judgment and process of such a court, he must show affirmatively that the court had jurisdiction. Mills v. Martin, 19 Johns. 7; Matter of Wright, 34 How. Pr. 207.

Held not deprived of its jurisdiction to try officer for conduct unbecoming an officer and a gentleman because such conduct may have resulted in criminal offense for which such officer has not as yet been tried. People v. Porter, 50 Hun, 161.

Where personal service of summons is made, five days' notice is unnecessary, such provision only applying to cases where charges and specifications are served, or where the service is by mail. Matter of Cross, 11 Abb. N. C. 230.

C. M. constituted to try delinquent militiamen, sit as judges, and where party arrested waives all objections to the jurisdiction of the court, by pleading guilty, he cannot afterwards allege that the court had no jurisdiction. Vander Heyden v. Young, 11 Johns. 150.

**PROCEDURE.**

Martial law held not altogether a written law, but composed in part of military usage which must govern in all well-organized troops, when it is not unreasonable or opposed to special enactments. Schuneman v. Diblee, 14 Johns. 235.

A summons to appear before a regimental C. M. to show cause why a fine should not be levied, held to be in the nature of process, and must be served personally. Capron v. Austin, 7 Johns. 96.

A delinquency court is not a court-martial within the meaning of the Military Code, but is a separate and distinct tribunal, and therefore no copy of charges is required to be served in order to obtain jurisdiction. People v. Crane, 125 N. Y. 535.

Same particularity not required in making the charges as the law has exacted in framing an indictment, and held sufficient, for the purposes of such a proceeding, that the charges were intelligently expressed with reasonable clearness, stating the time and place where the misconduct was alleged to have occurred. People v. Porter, 50 Hun, 161.

Provisions as to service of charges and specifications held not to apply to delinquency courts. People v. Reed, 64 Hun, 453.

A person prosecuted for an offense before a C. M. organized under the laws of this State, can demand, as a constitutional right, under section 6, article 1, of the State Constitution, that he be allowed to defend with counsel. People v. Van Allen, 55 N. Y. 31.

Proceedings before delinquency courts need not be recorded. People v. Crane, 25 N. Y. 535.

As to records of C. M. as evidence, see People v. Garling, 6 Alb. Law Journal, 324.

It seems that it is not necessary that C. M. should hold its meetings in public. Rathbun v. Sawyer, 15 Wend. 451.

**PUNISHMENT.**

Fine for non-attendance sustained. People v. Crane, 125 N. Y. 535; People v. Reed, 64 Hun, 453.

Fine by court-martial or delinquency court cannot be collected in an action for debt in the name of the people, but must be collected on the warrant of the court. People v. Hazard, 4 Hill, 207; Matter of Wright, 34 How. Pr. 207.

Warrant may issue for collection of fine imposed by regimental C. M. without giving notice mentioned in R. S. 310, sec. 25, though the summons to the defendant to appear was not served personally. Van Orsdall v. Hazard, 3 Hill, 243.

The legislature has the power to direct the enforcement of valid judgments by imprisonment in case property cannot be found, and therefore the provisions of the Military Code authorizing the arrest of a delinquent in case sufficient goods and chattels cannot be found to satisfy a fine or penalty imposed by C. M. is constitutional. People v. Daniell, 50 N. Y. 274.

Warrant for the collection of military fines imposed by regimental or battalion C. M. held only collectible by a constable. Hall v. Jackaway, 7 Hill, 51.

**REVIEW.**

Certiorari lies to review proceedings of military court acting without jurisdiction. People v. Van Allen, 55 N. Y. 31.

Where fine imposed by C. M., though no notice of day or hearing given defendant, latter may have judgment reversed in certiorari proceedings. In re Brackett, 27 Hun, 605.

Where there is before the C. M. any evidence in support of the charge, though there be a conflict of evidence on which reviewing court would arrive at a different conclusion, decision will not be disturbed by appellate court on certiorari. People v. Townsend, 10 Abb. N. C. 169.

Upon certiorari, no more of the facts of the case can be required to be returned, or will be looked into by the court, than what is necessary to determine upon the point of jurisdiction or other question of law arising during the proceeding. Rathbun v. Sawyer, 15 Wen. 451.

No certiorari will lie when C. M. had jurisdiction both of the person and the subject matter. People v. Rand, 41 Hun, 529.

C. M. and delinquency courts being courts of special and limited jurisdiction, judgments pronounced by them, when questioned in any collateral proceeding, are of no force or effect as establishing a right to enforce them, unless accompanied by proof of the jurisdictional facts upon which the authority of the court to render them depends. People v. Warden, 100 N. Y. 20.