THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH KRANZ, Appellant.

(County Court, Chautauqua County, April, 1909.)

Criminal procedure — Costs — Liability of complainant: Amount.

Where, upon a trial in a court of Special Sessions for an assault in the third degree, the defendant is acquitted by the verdict of a jury who find as a fact that the prosecution was malicious and without probable cause, upon the failure of the complainant to pay the costs, as ordered by the justice of the peace, judgment is properly entered against him; but it is error to include in the costs an item for counsel fees to the attorney who appeared for the prosecution.

APPEAL from a judgment rendered for the costs of a criminal proceeding by a justice of the peace.

Thomas H. Larkins, for appellant.

Stearns, Thrasher & Sullivan, for respondent.

OTTAWAY, J. This is an appeal taken by the defendant from a judgment rendered against him for the costs of a criminal proceeding by a justice of the peace. The defendant made information before a justice of the peace of the town of Pomfret, Chautauqua county, charging John C. Ludwig with the crime of assault in the third degree. Upon this information depositions were taken, a warrant issued, and a trial had before a jury. Upon the trial the facts were disputed. The defendant, Joseph Kranz, was sworn as a witness upon the part of the people and testified that he witnessed the assault. Witnesses were introduced by Ludwig who testified that no assault was committed. The jury rendered a verdict of not guilty and found as a fact that the prosecution was malicious and without probable cause. Pursuant to such finding, the justice ordered the defendant, Joseph Kranz, to pay the costs of the proceedings adjudging the said costs to be the sum of twenty-one dollars and fifty cents. The defendant having failed to pay said costs, judgment was entered against the defendant for the amount of the same. The defendant appeals from the judgment so rendered. Sections 719 and 720 of the Code of Criminal Procedure warrant the practice had herein.

The facts in this case having been disputed, the questions of malice and of probable cause were questions of fact for the jury to determine. Scott v. Dennett Surpassing Coffee Co., 51 App. Div. 321; Langley v. East River Gas Co., 41 id. 470; Robbins v. Robbins, 133 N. Y. 597.

The jury having determined the questions of fact their finding is conclusive. Brewer v. Califf, 103 App. Div. 138; Schoonmaker v. Spencer, 54 N. Y. 366; Murtaugh v. Dempsey, 85 App. Div. 204; Clark v. Daniels, 29 id. 600; Coursey v. Coe, 24 id. 271.

A more serious objection arises in reference to an item that forms a part of the amount of this judgment. The justice has included in the judgment five dollars counsel fees to the attorney who appeared for the people in the trial of the case in justice's court. This item forms no part of the costs, and is not authorized by sections 719 and 720 of the Code of Criminal Procedure. The judgment rendered herein must

Surrogate's Court, Yates County, April, 1909. [Vol. 63.

be modified by deducting this amount from the judgment rendered; and, after such deduction, the same is affirmed as to balance, pursuant to section 3063 of the Code of Civil Procedure, without costs to either party.

Judgment affirmed, without costs to either **party.**