## F. W. WOOLWORTH Co. *v.* GUSTINE CONNORS.

### (*Nashville.* December Term, 1919.)

1. **MALICIOUS PROSECUTION.** ''Probable cause'' defined.

The existence of "probable cause," which is the existence of such facts and circumstances as would excite in a reasonable mind the belief that the person charged was guilty of crime, is a complete defense, though the person is innocent. (*Post, pp.* 681-684.)

Cases cited and distinguished: Kelton v. Bevins, 3 Tenn., 90; Raulston v. Jackson, 33 Tenn., 128; Hall v. Hawkins, 24 Tenn., 357.

2. **MALICIOUS PROSECUTION.** Probable cause for prosecution for theft held to have existed.

Where braid was taken from a counter of defendant's store, and the manager was informed by two trusted employees that plaintiff, a stranger, who attempted to leave the store, took the braid, which was found at another counter, there was probable cause for institution of a prosecution against plaintiff for theft. (*Post, pp.* 684, 685.)

3. **MALICIOUS PROSECUTION.** Probable cause a mixed question of law and fact.

The question of probable cause is a mixed question of law and fact, and whether the circumstances alleged to show it are true and existed is a matter of fact; but whether, supposing them to be true, they amount to a probable cause, is a question of law. (*Post, pp.* 684, 685.)

Case cited and distinguished: Cooper v. Flemming, 114 Tenn., 40.

4. **APPEAL AND ERROR.** Judgment reversed, without remand, though motion for new trial did not specify error in refusing peremptory instruction.

In an action for malicious prosecution, where defendant moved for peremptory instructions, the appellate court may reverse a judg-

F. W. Woolworth Co. v. Connors.

ment for plaintiff, without remand, where the facts established
that there was probable cause, though the motion for a new trial
did not allege error in refusing the peremptory instructions, where
it did assert that probable cause was established, and there was
no evidence to support verdict. (*Post, pp.* 686-688.)

5. **NEW TRIAL.** Judgment may be rendered for defendant on motion
   for new trial, defense being established.

   Where there was no evidence to support a verdict for plaintiff, and
   a defense was established by the uncontradicted facts, it is proper,
   on motion for new trial, for the court to render judgment for
   defendant. (*Post pp.* 686-688.)

6. **APPEAL AND ERROR.** Refusal of peremptory instruction must be
   assigned in motion for new trial.

   For the appellate court to review the refusal of a peremptory in-
   struction, it should be assigned as error in motion for new trial,
   for the purpose of giving the lower court an opportunity to cor-
   rect the error. (*Post, pp.* 686-688.)

   Case cited and approved: Barnes v. Noel, 131 Tenn., 130.

   Case cited and distinguished: Southern Railway Co. v. Lewis &
   Adock Co., 139 Tenn., 44 .

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County
to the Court of Civil Appeals, and by *certiorari* to the
Court of Civil Appeals from the Supreme Court.—HON.
A. G. RUTHERFORD, Judge.

M. S. Ross and CHERRY & STEGER, for plaintiff in
error.

C. H. RUTHERFORD and JOHN W. HILLDROP, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the court.

This is an action for malicious prosecution.

The defendant in error was prosecuted by the plaintiff in error in the city court of Nashville for the theft of some braid, but was acquitted. This suit immediately followed.

One of the defenses interposed to this action by the plaintiff in error was that of probable cause.

A very brief outline of the facts upon which the prosecution was predicated is as follows: As Mr. Hanchett, manager of the plaintiff in error's store in Nashville, was about to leave the building one afternoon, he was called by Miss Kimbro, one of the clerks in said store, and told that the defendant in error had taken some braid from counter No. 7 without paying for same, and had started to leave the store, when she apprehended her and took from under her arm a package, to which were attached two packages of braid, and she exhibited the said package, with the braid attached, to Mr. Hanchett. About the time that Mr. Hanchett came over to where Miss Kimbro and the defendant in error were standing, near the north door of said building, he heard another clerk, Miss Clardy, call to Miss Kimbro and state that the plaintiff in error had laid some of the packages of braid on the post card counter, and five packages of braid were observed lying upon said table. Mr. Hanchett, on this information, had the defendant in error

arrested, and prosecuted her in the city court, as above stated.

After the defendant in error was acquitted in the city court, she was indicted in the criminal court of Davidson county for the theft of said braid, and on a trial of the case a verdict of not guilty was reported by the jury, and she was discharged. That case, however, is in no sense connected with the case we are now considering, as the indictment in that case was had subsequent to the time at which this suit was instituted.

In considering the defense of probable cause the question of the guilt or innocence of the defendant in error is not necessarily involved. She may have been entirely innocent, and still the plaintiff in error could have relied upon this defense, if properly made out.

On this point the court of civil appeals very properly says:

"As to the first point, the law as to reasonable or probable cause is defined to be such a state of facts in the mind of the prosecutor as would lead a person of ordinary caution and prudence to believe, or entertain an honest or strong suspicion, that the person is guilty. It does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party commencing the prosecution. In order to maintain an action for malicious prosecution, it is very clear that the plaintiff must aver and prove that the suit complained of was commenced and prosecuted without reasonable or probable cause, and that it was malicious. The warrantlessness of the suit may, in many instances, be so obvious as that malice may be

inferred from it. The question of probable cause applies to the nature of the suit, and the point of inquiry is whether the defendant had probable cause to maintain the particular suit upon the existing facts known to him.'' Newell on Malicious Prosecution, 252.

In *Kelton* v. *Bevins*, Cooke, 90, 5 Am. Dec. 670, Judge OVERTON said: The public interest is concerned that offenses should not go unpunished. It is no test of the impropriety of such prosecutions that defendants are acquitted. The true and legal principle is, had the prosecutor ground to think that a felony had been committed, with the information he possessed at the time of the commencement of the prosecution? If he had, he ought not to be subject to damages in this action. . . .

To sustain an action for a malicious prosecution, there must not only be malice, but a want of probable cause. In the absence of either of these requisites, the action falls to the ground. Hence the want of probable cause for a prosecution is the test of this action. Though malice exists, if in the estimation of a rational and dispassionate mind there be probable cause for prosecution, the action cannot be sustained. With the information that Kelton possessed, he had reasonable ground to believe that a felony had been committed. He ought not, in justice and sound policy, to be mulct in damages and costs for endeavoring to detect and punish such offenses.''

In the case of *Raulston* v. *Jackson*, 1 Sneed, 128, the court said: ''The law on this point is, and should have been so charged by the judge, that if the jury found from the proof that the defendant, at the time he instituted the prosecution, acted upon such a state of facts

known to him, or derived from reliable information, as would induce a belief in the mind of a prudent, discreet man that the crime had been committed and by the person he was about to prosecute, he was not liable.

"The question is not whether the defendant is really guilty, but was there good and reasonable grounds for the prosecutor to believe he was.      .    .    .

"Instead of requiring direct evidence of the fact of the crime, it may certainly often happen that no crime was in fact committed, and yet the prosecutor justifiable, because of the existence of probable or reasonable grounds to believe the criminal act had been done, and by the accused. If men were not allowed to act upon such grounds, crimes would often go unpunished for want of prosecutors. This action is only intended to apply to cases where a criminal accusation is made against an innocent man through malice, and in the absence of even a fair and reasonable probability of its truth."

In the case of *Hall* v. *Hawkins*, 5 Humph., 357, the court said: "Probable cause is the existence of such facts and circumstances as would excite in a reasonable mind the belief that the person charged was guilty of the crime for which he was prosecuted; that is, acting upon the facts within the knowledge of the prosecutor, if a reasonable man would believe the party guilty of the crime charged, there would exist probable cause for the prosecution."

The foregoing quotations from our authorities give, in the main, the definition as to what constitutes probable cause under the holding of this court, and, with

this rule of interpretation, it is but necessary to apply same to the facts of this case in order to determine whether this defense has been properly made out.

The uncontroverted facts upon which the plaintiff in error relies in support of its defense of probable cause are as follows:

First.   The taking of the braid.

Second.   The information given by Miss Kimbro and Miss Clardy that the defendant in error was the person who took the braid.

Third.   That these two ladies were trusted employees, in whom Mr. Hanchett had confidence, and whose statements he relied upon and believed.

Fourth.   The exhibition of the two packages of braid attached to the package of tablets, and five packages of braid lying on the post card counter.

Fifth.   The attempt of the defendant in error to get out of the store.

Sixth.   The defendant in error was a stranger to Mr. Hanchett, Miss Kimbro, and Miss Clardy, neither of whom entertained towards her any ill will or unkind feeling.

The court of civil appeals, in its opinion, states that the defendant in error introduced proof to disprove the evidence introduced by the plaintiff in error on the question of probable cause, but does not state what said proof consists of, and after a careful reading of the record we have been unable to find any contradictory evidence on these propositions.

Counsel for the defendant in error met this by saying that the witnesses for the plaintiff in error have

contradicted themselves in their testimony, so as to destroy their evidence; but we are unable to find any contradictions on material matters.

As to the facts set forth above, constituting probable cause, as contended for by the plaintiff in error, the defendant in error in no sense undertakes to contradict them, but directs her proof to the question of her innocence, which, as previously stated, is not necessarily involved in this inquiry.

In *Cooper* v. *Fleming,* 114 Tenn., 40, 84 S. W., 801, 68 L. R. A., 849, this court said:

"The question of probable cause is a mixed question of law and fact. Whether the circumstances alleged to show it are true and existed is a matter of fact, but whether, supposing them to be true, they amount to a probable cause, is a question of law."

As previously stated, the facts relied upon by the plaintiff in error to constitute probable cause are not in dispute and it only remained for the court to apply the law to the uncontroverted facts, and say whether they constituted probable cause. We find nothing in the record to negative the idea that Mr. Hanchett was acting in good faith, based on substantial information

We are of the opinion that they do make a case of probable cause. After reviewing our decisions on this question we find several cases where this defense was sustained, where the facts were not as strong as they are in the present case. This being true, the trial judge should have sustained the motion of the plaintiff in error for a directed verdict. ..

It is insisted that this court cannot dismiss the suit, but will have to remand it, for the reason that, in its motion for a new trial, the plaintiff in error did not assign as one of the grounds therefor that the court erred in not granting its motion for peremptory instructions.

It appears that the plaintiff in error, at the conclusion of all the evidence, moved for peremptory instructions on three grounds, as follows:

"(1)   That there is no evidence on which to base a verdict.

"(2)   That there was probable cause as a matter of law for the prosecution of Mrs. Connors, as alleged in this case.

"(3)   That the defendant, F. W. Woolworth Company, or its agent, C. W. Hanchett, acted upon the advice of counsel in the prosecution of Mrs. Connors, particularly that there was probable cause which is a matter for the court to determine."

This motion for peremptory instructions was denied by the court.

On motion for a new trial among the many grounds assigned were the two following.

(1)   "There is no evidence to support the verdict."

(2)   "The uncontroverted testimony and all the testimony in the case taken together, shows that C. W. Hanchett, manager of the defendant, F. W. Woolworth Company as a matter of law, had probable cause for the causing the detention and arrest of the plaintiff, Gustine Connors."

It will thus be seen that the grounds for peremptory instructions and the motion for a new trial are substantially the same. It is true that it was not alleged in the motion for a new trial that the court was in error in not granting the motion for peremptory instructions; but it called the court's attention to the errors committed by him, which were the basis for the peremptory instructions asked for, and, if the court had corrected the errors on the motion for a new trial, it would have followed, under our practice, that he would have rendered a judgment for the plaintiff in error. *Barnes* v. *Noel,* 131 Tenn., 130, 174 S. W., 276.

The reason for the rule, requiring that a motion for peremptory instructions must be assigned as error in the motion for a new trial, is to give the trial court an opportunity to correct the error previously made, and to avoid burdening the higher courts with the work of correcting errors which the trial court could have corrected. The error committed by the trial court was in not holding that, as a matter of law, the defense of probable cause had been made out, and directing a verdict for the plaintiff in error.

On the motion for a new trial plaintiff in error again insisted that the court should have held, as a matter of law, that the defense of probable cause had been shown, and thus the court was given an opportunity to correct the error previously made.

We think this was, in effect, challenging the action of the court in not sustaining the motion for peremptory instructions, upon the ground that there was no evidence upon which to base a judgment in favor of the

defendant in error and upon the further ground that the undisputed evidence made out a case of probable cause.

In *Southern Railway Co.* v. *Lewis & Adcock Co.*, 139 Tenn., 44, 201 S. W., 133, L. R. A., 1918C, 976, this court said:

"An assignment to the effect that the trial court erred in not peremptorily instructing the jury is equivalent to an assignment of error that there was no evidence to support the verdict, since under our practice there could be no peremptory instructions, unless there was no evidence to the contrary."

We think the converse of this would be true.

It results, therefore, that the judgment of the court of civil appeals, remanding the case, will be reversed, and an order will be entered here dismissing the suit.