INTERNATIONAL AGRICULTURAL CORPORATION *v.* DOCK COBBLE.

(*Nashville.* December Term, 1921.)

**DEATH.** Misrepresentation of beneficiary as to minor employee's age bars recovery against employer.

Where a minor of fourteen years, employed on the representation of his father that he was sixteen, was fatally injured while employed by defendant, who had not complied with Public Acts 1911, chapter 57, section 5, as amended by Public Acts 1917, chapter 77, section 3, requiring age certificate, the father, as beneficiary, being guilty under section 6 of Acts 1911 in permitting the minor to be employed could not recover because his act was a contributing cause of the death.

Acts cited and construed: Acts 1911, ch. 57, sec. 5; Acts 1917, ch. 77, sec. 3.

Cases cited and approved: Bamberger v. Citizens' St. Ry. Co., 95 Tenn., 18; Anderson v. Memphis St. Ry. Co., 143 Tenn., 216; Richmond, etc., Co. v. Martin's Admr., 102 Va., 201; Crevelli v. C., M. & St. Ry. Co., 98 Wash., 42.

---

FROM MAURY.

---

Appeal from the Circuit Court of Maury County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. SAM HOLDING, Judge.

JOHN R. AUST and CHAS. P. HATCHER, for appellant.

CHAS. H. RUTHERFORD, for appellee.

MR. JUSTICE HALL delivered the opinion of the Court.

An action of damages brought by Dock Cobble, as administrator of his son, Ligon Cobble, deceased, to recover of defendant, International Agricultural Corporation, for the alleged wrongful and negligent killing of his said intestate while in the employ of defendant at its phosphate plant.

A trial of the case in the circuit court of Maury county before a special judge and a jury resulted in verdict and judgment in favor of the plaintiff for the sum of $2,125, from which defendant appealed to the court of civil appeals. That court reversed the judgment of the trial court and remanded the case for a new trial on account of certain errors stated in its opinion.

Plaintiff has brought the case to this court by petition for writ of *certiorari,* and seeks a reversal of the judgment of the court of civil appeals and an affirmance of the judgment of the trial court.

The plaintiff's intestate was fatally injured while employed in the capacity of a mud picker and sand shoveler in the defendant's plant, which consists largely of certain machinery, belts and engines used in washing and preparing phosphate for the market.

The suit was originally brought for $15,000, but during its pendency in the trial court the declaration was so amended as to sue for only $3,000.

Plaintiff's alleged right to recover is set forth in his declaration, which contains two counts. The ground of recovery averred in the first count is that defendant was guilty of negligence in the operation and maintenance of its machinery, belts, wheels, etc., constituting a portion of

its phosphate plant in Maury county, which negligence was the proximate and direct cause of the death of plaintiff's intestate.

It was averred in the second count of the declaration that plaintiff's intestate was only fourteen years of age at the time of his employment and death, and therefore his employment was in violation of the Child Labor Laws of the State.

The trial judge directed a verdict in favor of defendant on the first count of the declaration, being of the opinion that there was no evidence tending to show negligence upon the part of the defendant in the operation and maintenance of its plant and machinery, and no complaint is made by plaintiff of this action of the court.

As to the second count, the trial judge overruled the motion of defendant for a directed verdict, and submitted the case to the jury on this count alone. In his charge to the jury he instructed them as follows:

"The defendant company insists that the father who brings this suit as administrator, represented the boy's age as sixteen, and if the boy was between fourteen and sixteen years plaintiff should not be permitted to recover because of his misrepresentation, but I instruct you, if you should find the father misrepresented the age of the boy, and did so intentionally and fraudulently, it will be no defense to his right to recover in this action, although it is the law that he (the father) is entitled to whatever damages may be recovered, and this is true because the company had no right to rely on the father's statement. If there was sufficient doubt about the boy's age to make an inquiry, then the law provides the method of inquiry, and the only protection for the employment of the child be-

Int. Agrl. Corp. v. Cobble.

tween fourteen and sixteen years of age in such establishments is the employment certificate above mentioned, kept on file by the employer as required."

Evidence was offered by defendant which tended to show that plaintiff represented to defendant's superintendent, whose business it was to employ persons to work in its plant, that his son was sixteen years of age at the time he was employed by defendant. The evidence tends to show that plaintiff's intestate had previously been discharged by defendant because he was under the age of sixteen years, being informed by plaintiff that he only lacked a few months of being sixteen. Whereupon deceased came to Nashville and worked at the powder plant, and in January, 1919, the plaintiff presented his son to defendant's superintendent and represented to him that his son was then over sixteen years of age, and could be lawfully employed by defendant. Plaintiff was then, and had been for a number of years, in the employ of defendant, and told defendant's superintendent that unless he could give his son employment at defendant's plant he would quit the service of defendant, and would go where he and his son could both secure employment; that defendant's superintendent, believing and relying on the statement of the plaintiff that his son was sixteen years of age, re-employed him and put him to shoveling sand in defendant's plant. Some distance from where plaintiff's intestate was engaged in performing this work there was a large engine which was operated in running a pump for the purpose of pumping away muddy water which came from the washer.

On January 29, 1919, the driving belt on this engine broke, without any known cause, the evidence showing that

it was practically a new belt, and was of the best quality. In some way the belt, when it broke, struck the governor of the engine, and broke it. This caused the engine to be released, so that it ran away, and gained such momentum that the centrifugal force caused the large drive wheel to fly to pieces, and one of these pieces struck plaintiff's intestate, inflicting upon him injuries from which he died shortly afterwards.

The plaintiff offered evidence which tended to show that his intestate was only fourteen years of age at the time of the accident. On the other hand, there was evidence which tended to show that he was over sixteen years of age, and that he had the appearance of being sixteen years of age at the time of his employment. Plaintiff denied that he represented to defendant, or its superintendent, that his son was sixteen years of age at the time of his employment in January, 1919.

By section 1 of chapter 57 of the Acts (Public) of 1911, which is an act to regulate the employment of minor children, and to prescribe penalties for the violation thereof, it is provided:

"That it shall be unlawful for any proprietor, foreman, owner, or other person to employ, permit, or suffer to work any child less than fourteen years of age in, about, or in connection with any mill, factory, workshop, laundry, telegraph or telephone office, or in the distribution or transmission of merchandise or messages."

By section 5 of said act it is provided that it shall be unlawful for any proprietor, etc., to permit or suffer any child between the ages of fourteen and sixteen years to work in, about, or in connection with any place or establishment named in section 1 unless said proprietor, foreman, or other

person keep on file and accessible to the shop and factory inspector a sworn statement made by the parent or guardian of such child, setting forth the place and date of birth of such child, and whoever shall make false statement as to the age of such child in such sworn statement shall be deemed guilty of perjury.

Section 6 of said act provides: "That whoever employs any child and whoever having under his control as parent, guardian, or otherwise any child, permits or suffers such child to be employed or to work in violation of any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than twenty-five dollars nor more than two hundred and fifty dollars, in the discretion of the court."

By chapter 77 of the Acts (Public) of 1917, section 5 of the act of 1911 was amended by striking out all of said section after the words "factory inspector," and inserting the following:

"An employment certificate which shall be issued only by the county superintendent of schools, or by a person authorized by him in writing in the city, town, or village where such child resides, or in the city, town, or village, in which the child is to be employed, and only upon the application in person, of the child desiring employment, accompanied by its parent, guardian or custodian. Such certificate shall only be issued after the person so authorized shall have received, examined, approved and filed in his office documentary evidence of age, showing that the child is fourteen years of age, or over, which evidence shall consist of one of the following named proofs of age, duly attested, and the proof accepted shall be specified in the certificate issued to the child; the proof specified in subdivi-

sion (a) shall be required first, but if this be not available, then the proof specified in the succeeding subdivision shall be required and filed in the order designated until the age of the child be established as follows:

"(a)   A birth certificate or transcript thereof issued by a registrar of vital statistics or other officer charged with the duty of recording births, which certificate or transcript thereof shall be *prima-facie* evidence of the age of the child.

"(2)   A certificate of baptism or transcript thereof, showing the date of birth and place of baptism of the child.

"(c)   A *bona fide* record of the date and place of the child's birth kept in the Bible in which the records of the births, marriages and deaths in the family of the child are preserved, or a certificate of confirmation or other church ceremony at least one year old showing the age of the child and date and place of such confirmation or ceremony; or a passport showing the age of the child, or a certificate of arrival in the United States, issued by the United States immigration officers and showing the age of the child; or a life insurance policy at least one year old showing the age of the child.

"(d)   A certificate signed by two physicians, at least one of whom shall be a public health officer or public school medical inspector stating that they have separately examined the child and that in their opinion the child is at least fourteen years of age; such certificate shall show the height and weight of the child, the condition of its teeth, and any other facts concerning its physical development revealed by such examination and upon which their opinion as to its age is based."

The foregoing amendment is contained in section 3 of the act of 1917.

The undisputed proof shows that defendant did not require plaintiff's intestate to furnish it a certificate of the county superintendent of Maury county, or of any other ·person, as to his age, and did not have such certificate on file as provided by section 3 of the act of 1917.  The question, therefore, presented is whether or not the defendant, having failed to comply with the act of 1917 in this regard, is liable to the plaintiff for the death of his intestate, if it should be found that defendant was induced to employ his intestate by the representation of the plaintiff that he was, at the time of such employment, sixteen years of age, plaintiff being the sole beneficiary of any recovery that might be had in this action for the death of his son.

The court of civil appeals held that he would not be entitled to recover in such circumstances, and that the trial judge committed error in instructing the jury that plaintiff would be entitled to recover, notwithstanding he misrepresented· the age of his intestate to defendant, as such misrepresentation by the plaintiff would be no defense to said action, because defendant had no right to rely on the father's statement, if doubt existed as to the age of the plaintiff's intestate.

We think there is no error in the holding of the court of civil appeals.  The law forbids that one shall profit by his own misconduct, fraud or deceit.  It has been repeatedly held by this court that a person whose negligence has proximately contributed to the death or injury of another cannot recover in an action for his benefit for such death or injury.  Such is the holding of this court in the case of *Bamberger* v. *Citizens' St. Ry. Co.,* 95 Tenn., 18, 31 S. W.,

163, 28 L. R. A., 486, 49 Am. St., Rep., 909; *Anderson* v. *Memphis St. Ry. Co.*, 143 Tenn., 216, 227 S. W., 39.

To the same effect is *Richmond, etc., Co.* v. *Martin's Administrator;* 102 Va., 201, 45 S. E., 894; *Crevelli* v. *C., M. & St. Ry. Co.*, 98 Wash., 42, 167 Pac., 66, L. R. A., 1918A, 206.

Under section 6 of the act of 1911, hereinbefore quoted, plaintiff was guilty of a misdemeanor if he permitted or suffered his son to be employed by defendant to work in violation of the provisions of said act. If, therefore, he did do so, he should not be entitled to recover because his act was necessarily a direct, proximate, and contributing cause of his son's injury and death.

It results that we find no error in the judgment of the court of civil appeals; and it will be affirmed.