## DOCK COBBLE, Admr. v. INTERNATIONAL AGRICULTURAL CORPORATION.

Middle Section.    July 8, 1925.

Certiorari denied by Supreme Court March 13, 1926.

1. Bill of exceptions. · Judgment of court not properly included in bill of exceptions.

The judgment of the court has no place in the bill of exceptions. The inclusion of the recital of a judgment therein does not vitiate the bill of exceptions, but it cannot take the place of a judgment on the minutes of the court and its proper certification as a part of the technical record on appeal. A bill of exceptions is in no sense an essential part of an appeal or appeal in the nature of a writ of error. An appeal or an appeal in error may be properly perfected and prosecuted without a bill of exceptions.

2. Appeal and error. Essentials of the record.

The record proper consists of the process, the pleadings, the entries on the minutes, including the judgment, all cost bonds, and appeal bonds, and the bill of costs.

3. Appeal and error. Bill of exceptions is not part of the technical record.

The office of the bill of exceptions is to put in permanent form and bring into the record that which transpires during the trial of a cause, and which is no part of the record proper.

4. Bill of exceptions. Purpose of bill of exceptions.

The only purpose of the bill of exceptions is to bring before the court in an authenticated manner facts which in the ordinary course of proceedings would not otherwise appear of record in the case. None should be brought up to the appellate court where all the facts constituting the alleged error appear on the face of the record proper.

5. Appeal and error. Appeal from the circuit court lies only from a final judgment.

There can be no appeal in a law case from a circuit court where the record does not show a final judgment. An appeal will not lie from the order of the trial court, overruling the motion for a new trial.

6. Appeal and error. Rehearing.

In a case where the appeal was dismissed and the case remanded to the lower court because the record did not show a final judgment in the lower court, but an affidavit was filed stating that the judgment was left out of the record through error of the clerk and a certified copy of the judgment was filed, held the motion for rehearing should be granted and the cause heard on its merits.

7. Appeal and error. Assignment of error may be aided by brief and argument.

Where assignments of error do not comply with the rules of court but are aided by a combined brief and argument in support of the assignment, held that the two documents may be considered together, and if they comply with the rules of the court, the assignment will be considered.

8. Appeal and error. Appellate court will not consider error not raised in motion for new trial.

The appellate court will consider only the error raised and properly brought before the lower court in the motion for new trial, and additional assignments of error cannot be urged in the appellate court.

9. **Estoppel.** A parent who permits his infant son to work in violation of the child labor law is estopped to recover from the employer damages for the death of his son.

In an action by a father to recover damages for the death of his infant son where the evidence showed that he knew and permitted his son to work for the defendant in violation of the child labor law, held that the father was estopped to recover for the negligent killing of his son because he, in permitting the son to work, was guilty of concurring negligence which proximately contributed to the death of his son.

Appeal in Error from Circuit Court, Maury County; Hon. T. B. Lytle, Chancellor, sitting by interchange.

Affirmed.

C. H. Rutherford, of Nashville, and Peebles & Forgey, of Columbia, for plaintiff in error.

C. P. Hatcher, of Nashville, and Horace Frierson, Jr., of Columbia, for defendant in error.

FAW, P. J. Dock Cobble, Administrator of the estate of Ligon Cobble, deceased, sued the International Agricultural Corporation, in the circuit court of Maury county, to recover damages for the alleged wrongful and negligent killing of his intestate.

The plaintiff below has attempted to bring the case to this court by an appeal in the nature of a writ of error, and pursuant thereto a transcript of the record was filed in this court on January 23, 1925; but we have reached the conclusion that the appeal must be dismissed, for the reason that it does not appear from the transcript of the record certified to this court that there was a judgment entered of record in the court below.

When the case was reached and called for hearing on the regular call of the docket in this court, the International Agricultural Corporation, through its counsel of record, presented a motion, theretofore filed, to dismiss the appeal and affirm the judgment of the circuit court on the ground, asserted in the motion and supporting brief, that the assignment of errors filed by the plaintiff in error was not "in accordance with the rules of this court" and amounted to "no assignment of errors."

The record was handed in and the motion was taken under advisement, and since that date, but before further action by the court, the plaintiff in error, through his counsel, has filed a motion (supported by affidavits of counsel) for leave to file additional assignments of error and brief in support thereof, and to have the case passed over and heard at the September term of this court.

The record is not in a condition to justify the grant of either of said motions. Without a judgment of record in the trial court the appeal was premature.

The technical record shows the pleadings, and an entry on the minutes under date of December 15, 1924, from which it appears

that a jury was empaneled and sworn, a portion of the proof heard, and the jury was respited until the following day.

There also appears in the transcript, following the bill of exceptions, a purported order of the court containing a motion of the plaintiff for a new trial, and the order of the court overruling same, the plaintiff's exception and prayer for an appeal, the grant of an appeal, and the grant of thirty days' time to the plaintiff in which to "make up his bill of exceptions and perfect same." This purported order appears to have been "filed December 23, 1924" by the circuit court clerk, but it bears no caption, and there is no notation in the transcript tending to show that it was at any time entered on the minutes. However, our holding that the appeal was premature is not based on the failure of the transcript to show that this last mentioned order was entered on the minutes so much as on the failure of the record proper (aside from the bill of exceptions) to show that there was a judgment in the case.

There is a bill of exceptions in the transcript, signed by the trial judge and marked filed by the clerk, and if we could consider matters appearing in said bill of exceptions as taking the place of the judgment roll, or technical record, it would appear that, at the close of the plaintiffs proof (on December 16, 1924), the court, in response to a motion of the defendant, peremptorily directed the jury to return a verdict for the defendant, which was done, and the court thereupon "ordered that the cause stand dismissed and that the defendant have and recover of the plaintiff the costs of this cause," for which execution was awarded.

The judgment of the court has no place in the bill of exceptions. The inclusion of the recital of a judgment therein does not vitiate the bill of exceptions, but it cannot take the place of a judgment on the minutes of the court and its proper certification as a part of the technical record on appeal. A bill of exceptions is in no sense an essential part of an appeal, or appeal in the nature of a writ of error. An appeal or an appeal in error may be properly perfected and prosecuted without a bill of exceptions. Patterson v. Patterson, 89 Tenn., 151, 153.

Minute entries are a part of the record without a bill of exceptions. Nashville Railway & Light Co. v. Trawick, 118 Tenn., 273, 276; 2 R. C. L., pp. 124-125.

The record proper consists of the process, the pleadings, the entries on the minutes, including the judgment, all cost bonds and appeal bonds, and the bill of costs.

"The office of the bill of exceptions is to put in permanent form and bring into the record that which transpires during the trial of a cause, and which is no part of the record proper." Darden v. Williams, 100 Tenn., 414, 415.

"An appeal from the judgment of a circuit court means an appeal from the conclusions and orders of that court as expressed upon the record book, these conclusions or orders being the deductions drawn by the court from the evidence in detail, of which they are the fruits.

"A bill of exceptions is submitted by the party dissatisfied with the judgment of the court, and, as the name imports, is an objection to the action of the court containing the grounds of such objections, in order that a revising court may pass upon the correctness of the judgment dissented from—this is its only office." 5 Heisk., 75, 77.

"It is not the office of a bill of exceptions to preserve minute entries, and take the place of the minutes of the court." Railroad v. Egerton, 98 Tenn., 541, 543. See also Railroad v. Johnson, 114 Tenn., 632, 640.

It has also been held that a recital in a bill of exceptions that an appeal has been granted is not sufficient. Teasdale & Co. v. Manchester Produce Co., 104 Tenn., 267, 269.

A bill of exceptions is not a proper medium through which to certify to the appellate court matters which must necessarily be a part of the original record in the case. 2 R. C. L., page 140.

In the Encyclopedia of Pleading and Practice, Vol. 3, pp. 404-406, it is said: "It is a general rule of appellate procedure that a bill of exceptions is useless, and indeed none should be brought up to the appellate court, where all the facts constituting the alleged error appear on the face of the record proper. The reason for this rule is obvious, since the only purpose of the bill is to bring before the court in an authenticated manner facts which in the ordinary course of proceeding would not otherwise appear of record in the case. . . . But it should be remembered that the bill of exceptions, having the purpose above noted, authenticates for the action of the upper court only those proceedings which are not a part of the record proper. It follows therefore, that it cannot be used to certify matters regularly embraced in the record proper, which is compiled and certified up by the clerk. When the bill of exceptions embraces matters which in regular course ought to be in the record proper, they will not be considered on appeal."

In the Notes to the text last quoted, it is stated, on the authority of three Mississippi cases, that a judgment cannot be certified up by a bill of exceptions. And upon the authority of seven Alabama cases cited, it is there said that the action of the trial court on the pleadings and other matters which are a part of the record proper cannot be reviewed on appeal, where they are recited only in a bill of exceptions, unless made in a transcript of the record proper.

Again in the Encyclopedia of Pleading and Practice, Vol. 2, page 267, it is said: "The transcript must contain copies of the

verdict and judgment appealed from. Without them it is inherently defective, and the appeal will be dismissed.''

In the case of Diener v. Star-Chronicle Publishing Co., 230 Mo., 613, 33 L. R. A., New Series 216, 218, the court said: ''If the ruling on the demurrer, the demurrer itself, and the trial petition had been preserved no where else than in a bill of exceptions, this appellant would have nothing here to review; for if anything is settled, it is that such matter has no place in a bill of exceptions. It is part of the record proper, and if it appears only in such bill, it is the same as if it did not appear at all.''

The distinction between the technical record and the bill of exceptions, and the necessity for a complete transcript of the technical record, independent of the bill of exceptions, is pointed out in certain rules adopted by the Supreme Court, at the instance of the Attorney-General, for the guidance of clerks in making up transcripts for the Supreme Court in criminal cases. These rules are published in 132 Tenn., pp. 719-721, and we quote therefrom a brief excerpt as follows:

''First: Each transcript is composed of two distinct parts: (1) the TECHNICAL RECORD, and (2) the BILL OF EXCEPTIONS. The complete Technical Record must be copied first, and then the complete Bill of Exceptions. The two parts must not be mixed in the transcript.

''Second: The TECHNICAL RECORD is composed of all the Minute Entries pertaining to the case, including the indictment.''

While the rules just mentioned are applicable to criminal cases only, the excerpt which we have quoted therefrom could appropriately apply, under the authorities, to civil cases coming from a law court.

Now, bearing in mind the different offices to be performed by the technical record and the bill of exceptions, we feel compelled, in the light of the authorities cited, to hold that the transcript in the instant case does not show that there was a judgment rendered by the circuit court. We are therefore without jurisdiction of the case, because the appeal was premature. An appeal from a circuit court in a law case lies only from a final judgment. There can be no appeal in such case without a judgment. Butcher v. Palmer, 4 Cold., 248; Nolin v. State, 6 Cold., 12; Sharp v. State, 117 Tenn., 537. An appeal will not lie from the order of the trial court overruling the motion for a new trial; the appeal is from the judgment. Railroad v. Ray, 124 Tenn., 16, 28. ''The absence of a judgment cannot be supplied in this court.'' Sharp v. State, supra.

An order will be entered dismissing the appeal of the plaintiff and remanding the case to the circuit court of Maury county. The plaintiff Dock Cobble, Administrator, will pay the costs of the tran-

script and the costs accrued in this court, as provided in Shannon's Code, section 4957.

Crownover and DeWitt, JJ., concur.

## ON PETITION TO REHEAR.

### OCTOBER 10, 1925.

On July 8, 1925, pursuant to an opinion of this court handed down and filed on that date, a judgment was entered in this cause dismissing the appeal for prematurity and remanding the case to the circuit court of Maury county. It was held in that opinion that the appeal was premature because the transcript of the record did not show that there had been a final judgment in the court below.

On July 17, 1925, plaintiff in error Dock Cobble, administrator of Ligon Cobble, deceased, filed a petition for a rehearing and for leave to suggest a diminution of the record so as to supply the final judgment in the case which, it was alleged in the petition, had been, by inadvertence and oversight of the clerk of the circuit court, omitted from the transcript of the record filed in this court. The petition is accompanied by a duly certified transcript of a judgment of the circuit court dismissing the suit of the plaintiff below and adjudging the cost against the plaintiff. This was, of course, a final decree, and as the record here shows that plaintiff in error prayed an appeal in the nature of a writ of error to this court, and that same was granted by the circuit court and perfected by the plaintiff in error Dock Cobble, administrator etc., it is apparent that this court has jurisdiction of the appeal. If we should decline to grant the petition for a rehearing and adhere to our former judgment dismissing the appeal for prematurity, the case would be in an anomalous situation. It would be suspended somewhere between the circuit court and this court, as it now appears that the judgment of the circuit court was final and that court was divested of jurisdiction by the appeal.

The petition for a rehearing is granted, and our former judgment of July 8, 1925, is vacated and set aside. The supplemental transcript exhibited with the petition to rehear will be filed as a part of the transcript of the record in this court, and the judgment of the circuit court will be reviewed on the record.

Dock Cobble, as the administrator of the estate of his deceased son, Ligon Cobble, sued the International Agricultural Corporation in the circuit court of Maury county to recover damages for the alleged wrongful killing of his intestate, and he obtained a verdict and judgment for $2,125, from which judgment the defendant appealed in error to the Court of Civil Appeals, where the judgment of the trial court was reversed, and the cause remanded for a new trial, on account of certain errors in the charge of the special judge who pre-

sided at the trial. On certiorari, the Supreme Court affirmed the judgment of the Court of Civil Appeals in a written opinion which is reported in 146 Tenn., 120, and the case went back to the circuit court of Maury county.

The plaintiff's declaration originally contained two counts but the first count was eliminated on the first trial below, and upon the trial which we are now reviewing the case was tried upon the second count alone, which count was predicated upon averments that plaintiff's intestate died as a result of injuries received in the course of his employment at defendant's phosphate plant in Maury county; that plaintiff's intestate was only fourteen years of age at the time of his employment and injuries and death, and that therefore his employment was in violation of the Child Labor Law of this state and defendant was liable in damages therefor.

At the close of plaintiff's proof, the trial judge, on motion of defendant, peremptorily directed the jury to return a verdict in favor of the defendant, which was done, and the plaintiff's suit was dismissed at his cost.

The sole question raised by the plaintiff's assignments of error is that the trial judge erred in directing a verdict for the defendant and dismissing plaintiff's suit.

It is insisted for defendant that the assignments of error filed on behalf of plaintiff do not conform to the requirements of the rules of this court and amount to no assignments of error, and, upon that ground, defendant has filed a motion to affirm the judgment of the circuit court for lack of assignments of error in this court.

While the plaintiff does not concede that his assignments of error are so far lacking in substance as to amount to no assignments of error, he has filed a motion for leave to file additional assignments of error.

The assignments of error (filed May 25, 1925), standing alone, could not, in our opinion, be held sufficient under the rules of this court, but (on June 22, 1925) the plaintiff filed a combined brief and argument in support of his assignments of error, and we think the two documents sufficiently specify the propositions of law and fact upon which the plaintiff is seeking a reversal of the judgment of the lower court. We therefore overrule the motion of the defendant for an affirmance of judgment on the ground of a lack of assignments of errors. 104 Tenn., 678.

We also decline to grant the application of the plaintiff in error for leave to file additional assignments of error, for the reason that the assignments already filed raise the only question available to plaintiff in error on this record. This is because of the limitations of the motion for a new trial below, which motion was based upon the following grounds, viz: (1) there is no evidence to support the

verdict; (2) the evidence preponderates against the verdict; (3) because the court erroneously instructed the jury peremptorily to find a verdict in favor of the defendant, and (4) because of error in the court's charge in peremptorily instructing the jury to return a verdict in favor of the defendant, over plaintiff's exception duly made at the time.

The second assignment, supra, does not raise a question which can be considered by this court, and plaintiff has not assigned error on that ground in this court.

The first, third and fourth grounds of the motion for a new trial above stated raise, in effect, the same question. 139 Tenn., 37, 44; 142 Tenn., 678, 688.

And counsel for plaintiff in error say in their brief that there is, in fact, only one error complained of, viz: that the case was not permitted to go to the jury.

After an examination of the record, and of pertinent authorities, principally the opinion of the supreme court in this case reported in 146 Tenn., at p. 120 et seq., we are of the opinion that the trial judge did not err in directing a verdict for the defendant.

An extended statement of the evidence would serve no useful purpose. There is evidence supporting the cause of action stated in the declaration, and the case should have been submitted to the jury, unless the plaintiff should be repelled because he knowingly suffered his son (the deceased, Ligon Cobble) to work in defendant's plant.

At the time of his death, Ligon Cobble had been employed by defendant in its phosphate plant for about two months. His father, the plaintiff, was also employed by defendant to work in the same plant, and had been so employed for four or five years. Ligon was living with plaintiff, and plaintiff knew that Ligon was working for defendant in its phosphate plant.

The plaintiff testified that he did not procure the employment of Ligon by defendant, and did not misrepresent Ligon's age to defendant. Mr. Harbison was defendant's superintendent, and it appears that Harbison employed Ligon for defendant. Plaintiff states in his testimony that Mr. Harbison told him that he was going to work Ligon, and, plaintiff says, "I didn't tell Mr. Harbison to work him, and I didn't tell him not to work him." In other words, plaintiff, according to his own testimony, silently acquiesced in the employment of his fourteen-year-old son, and permitted him to work in defendant's plant, where he met his death, for two months without protest or objection and without any effort to restrain his son from working for defendant.

Plaintiff brings this suit as administrator, but alleges in his declaration that he is "the sole beneficiary in said right of action."

Section six of the Child Labor Law of 1911 (ch. 57) provides that "whoever employs any child and whoever having under his control as parent, guardian, or otherwise any child, permits or suffers such child to be employed or to work in violation of any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction.shall be fined not less than $25 nor more than $250, in the discretion of the court."

As before stated, Ligon was employed with the knowledge and acquiescence of plaintiff, and plaintiff was guilty of a misdemeanor, in that, he permitted and suffered his fourteen-year-old son to work in violation of the Child Labor Law, and plaintiff was therefore guilty of concurring negligence which proximately contributed to the injuries and death of his son.

It is the established rule in this state that a person whose negligence has proximately contributed to the death or injury of another cannot recover in an action for his benefit for such death or injury. Plaintiff "should not be entitled to recover because his act was necessarily a direct, proximate, and contributing cause of his son's death." International Agricultural Corporation v. Cobble; 146 Tenn., 120, 127-128.

The assignments of error are overruled and the judgment of the circuit court dismissing plaintiff's suit at his cost is affirmed.

The costs of the appeal will be adjudged against the plaintiff, Dock Cobble, administrator, etc.

Crownover and DeWitt, JJ., concur.