Wm. H. Coleman Co. *v.* J. R. Isbell.

(*Nashville.* December Term, 1928.)

Opinion filed July 20, 1929.

460

C. E. Pigford, for plaintiff in error.

Pearson & Hewgley, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

This is a compensation case. The trial Judge found, as appears from his decree, that petitioner was accidentally injured, suffering the loss of an eye, while working as an employee of the Coleman Company, on June 4th, 1928; that he was struck in or about the eye by a knot or piece of wood with such force as to cause the loss of the sight of the eye: "that the plaintiff, during

the fifty two weeks immediately preceding the date of the said injury was at work for said defendant regularly for thirty five weeks, that during said period of thirty-five weeks he was paid for his services the sum of $627.90." He was thereupon awarded $897, being for fifty percent of an average weekly wage of $17.94 for one hundred weeks.

Errors urged here relate (1) to the notice, (2) to the injury and (3) to the amount of the award. No finding of facts appears in the record, apart from the recitals in the decree, which we have above summarized.

The motion for a new trial contains no reference to notice, nor does the decree. While set up in the answer the attention of the trial Judge was not directed to any alleged error in his judgment based on the defense of failure to give the statutory notice. This was a practical waiver of this defense, and the rule here precludes consideration of matters not brought to the attention of the trial Judge in the motion for a new trial.

In *Jacks* v. *Lumber Company,* 125 Tenn., at page 127, it is said that "The trial courts will not be in error upon appeal upon questions of law or fact which have not been called to their attention," and in *Bostick* v. *Thomas,* 137 Tenn., at page 101, Mr. Justice LANSDEN said, "Everything which occurs in the progress of the trial and which must be preserved by bill of exceptions must be made the basis of a motion for a new trial if complaint is made thereof upon appeal." And see— *Railroad* v. *Ray,* 124 Tenn., 28, 134 S. W. 858; *Woolworth Company* v. *Conners,* 142 Tenn., 687, holding that the Appellate Court is confined to grounds stated in the motion for a new trial, the reason for the rule being that

462

the trial Court may have an opportunity to correct alleged errors. And see *Mullins* v. *Stone Lumber Co.,* 155 Tenn., 132.

■ However, if the point may be considered, we are convinced that it was sufficiently shown that notice was given by mail within thirty days of the accident. Testimony that the letter conveying the notice was "placed in an envelope, sealed, properly posted and dropped in the postoffice directed to William H. Coleman Company" makes out a *prima-facie* case of delivery. It could not have been "properly posted" in the usual sense of this language without postage.

In *Farmers Mill Co.* v. *DeFranco,* 16 Ohio Cir. Ct. U. S., 182, the language used by the witnesses was that he mailed the letter. We think the court quite correctly said "If there be given to these words the ordinary significance, it means that he put the letter in the postoffice and it was addressed in the usual way." So the use of the word "duly" referring to service by mail, has been treated as embracing the prepayment of postage. *Poe* v. *Crane,* 125 N. Y. 535, 26 N. E. 736. So the testimony of a witness that he mailed the letter is held to imply that it was deposited in the postoffice. *Barnet* v. *Norton,* 90 Ver., 544, and see *Oregon Co.* v. *Otis,* 100 N. Y. 446.

It becomes unnecessary to pass on the question of waiver of notice.

■ On the merits there is material evidence to support the finding of the trial Judge, and this is as far as we may inquire. This is the settled rule. *Knoxville Power & Light Co.* v. *Barnes,* 156 Tenn., 184; *Washington County* v. *Evans,* 156 Tenn., 198.

■ The testimony of the petitioner himself as to the time, place and manner of the accident constitutes some

material evidence. The contention of the Company is chiefly that the loss of the eye was not the result of the alleged injury. This view is sustained by the testimony of Dr. Dancy, introduced by the defendant below, but it is clear that the Doctors Herron, testifying for petitioner, do not agree with Dr. Dancy. They gave testimony which tends rather strongly to support the insistence of petitioner that he lost his sight as a result of the lick which he testifies he received on the occasion in question. We deem it unnecessary to discuss in detail the testimony of these medical men, and follow them through the intricate mazes of professional terms employed. Suffice it to say that they differ materially, and as already suggested, it is not the province of this Court to balance the testimony.

We find no error in the amount of the award. As before shown the trial Court found that petitioner, during the fifty-two weeks immediately preceding the day of the injury, worked for the defendant Company for thirty-five weeks only and was paid $627.90 for his services during this period of thirty-five weeks. There was no finding of the trial Judge that petitioner worked for the defendant for as much as a year prior to the injury, so as to bring the case within clause one of the rule laid down by this Court in *White* v. *Pinkerton Co.*, 155 Tenn., 229, wherein this Court said:

"The foregoing sub-section provides three methods for ascertaining average weekly wages:

"1. Where the employee has been working for the employer for as much as a year, prior to the injury, divide the total wages received by fifty-two.

"2. Where the employment, prior to the injury, was less than fifty-two weeks, divide the total wages received

by number of weeks employed: 'Provided, results just and fair to both parties will thereby be obtained.'

"3. Where the employment has been of such short duration that it is impracticable to compute the wages by either of the above methods, then regard shall be had to the average wages received by a person in the 'same grade,' employed at the same work by the same employer, 'and if there is no such person so employed, by a person in the same grade employed in the same class of employment in the same district.' "

We think the trial Court properly applied clause 2 of the foregoing rule. The employee in this case having worked for the employer thirty-five weeks only. This construction of the language of the trial court's decree is supported by the testimony of Miss Mary Rogers, bookkeeper for and introduced by the defendant Company. She quite definitely testified that petitioner worked only thirty-five weeks during the preceding year and that from December 29th until March 8th in the year preceding "he wasn't working at Coleman Heading Factory."

The judgment is affirmed.